In re FRICE.

(District Court, S. D. Iowa, W. D.    August 9, 1899.)

No. 180.

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—TIME OF FILING SPECIFICATIONS.
    Under general order No. 32 in bankruptcy (32 C. C. A. xxxi., 89 Fed. xiii.), providing that creditors opposing a bankrupt's application for discharge must enter their appearance, and within 10 days thereafter file specifications in opposition, unless the time shall be enlarged by special order of the judge, *held* that, where appearances are entered for the purpose of opposing the discharge, but the specifications are not filed within the next 10 days, it is discretionary with the judge to permit them thereafter to be presented, and to enlarge the time for filing by a nunc pro tunc order.

2. SAME—WHO MAY OPPOSE.
    Under Bankruptcy Act 1898, § 14 (b), providing that opposition to a bankrupt's application for discharge may be made by "parties in interest," persons who assert themselves to be creditors of the bankrupt, and who are named as such in his schedule, are entitled to oppose his discharge, although they have not proved their claims in the bankruptcy proceedings.

3. SAME—REQUISITES OF SPECIFICATIONS.
    Specifications in opposition to a bankrupt's application for discharge must be clear, specific, and circumstantial, and must distinctly allege one or other of the statutory grounds for refusing a discharge.

In Bankruptcy.    On objections to bankrupt's application for discharge.

WOOLSON, District Judge. Application having been made by said bankrupt for his discharge, the same, under the rules of this district, was referred to H. C. French, Esq., referee in bankruptcy at Red Oak, Iowa, who duly fixed and gave due notice of time for appearing, etc., of parties objecting to discharge. No appearance was made by any creditors who had proven their claims. But certain persons, asserting themselves to be creditors, did appear and file written announcement of their intention to resist discharge. But said persons did not file, within the 10 days allowed by general order (32 C. C. A. xxxi., 89 Fed. xiii.), specifications of grounds of objection. Such were filed with said referee within two days thereafter, and while the referee had all the papers yet in his possession. This presentation, though out of time, it is discretionary with the judge to permit, since by nunc pro tunc order he may enlarge the time of filing, under said general order, as he might on application have enlarged it before time for filing had expired. These objectors appear to have been included as creditors on the schedules filed by the bankrupt as a part of his petition. The right to object is not restricted to creditors who have proven up their claims. By section 14 (b) of the bankruptcy act the judge is to hear the proofs and pleas in opposition to discharge, as presented by "parties in interest." Says Loveland, in his admirable treatise on Bankruptcy (page 599): "To entitle a party to oppose a discharge, he must have a pecuniary interest in the matter." The bankrupt having scheduled these objecting parties as creditors, they may well be assumed to have an interest in resisting discharge of the bankrupt from the debts they had against him, even though they regarded the amounts they would probably receive from the estate as not sufficient to induce the expense, etc., of filing and proving up their claims. The specifications filed are peculiar in the facts stated, and a brief from counsel preparing same would have proven highly interesting, if not instructive, and would well have justified being entitled "Much ado about nothing," as relating to the present matter. It is averred that "a few years ago"—why not the equally specific statement, "once upon a time"—"the bankrupt married a clerk, having no property"; he afterwards failed in business in Omaha, with debts outstanding "aggregating $10,000 to $20,000"; that neither himself nor wife at that time "had any money or property from which claims could be collected"; that the wife then "claimed to have neither money nor property out of which she could pay or secure claims for which she was personally liable." Said bankrupt thereafter "came to Shenandoah, and bought a business house, paying for it $4,200, taking the title thereto in his wife's name." And thereupon "your relators object to the discharge of said bankrupt for the reasons above set forth, because from said facts it appears that the money that went into the Shenandoah building and business must have been saved out of the Omaha business, and belongs to the bankrupt, and should go towards paying his debts, amounting to a fraud on his creditors if said money came out of the Omaha business." Therefore "your relators ask that said bankrupt be not discharged until he shows where the money that went into said building and business came from." No dates are given to the transactions, which we must

assume the attorney drafting the papers attempted to state. How stale the occurrences are we must only infer from "a few years ago." The debts held by the objectors are in no way shown to have grown out of, or in any wise to have been connected with, "the Omaha business." How they are related to the matter, the paper is silent; no charge of fraud practiced or attempted; only the inference indulged in that there "must have been saved out of the Omaha business" the purchase price of the Shenandoah property, which "amounted to a fraud on his creditors, if said money came out of the Omaha business"! And therefore the court is asked to refuse discharge until the bankrupt shall show "where the money that went into that building and business came from." This, too, in the absence of any direct averment of fraud in the matter! The case presents a parallel, if not a superior, to that wherein it is said the prosecuting counsel demanded the prisoner on trial be declared guilty unless he proved himself innocent of the charge under which he had been placed on trial! If counsel preparing these objections had read the bankruptcy statute, or only consulted the section relating to discharges, he could not have failed to note that this section points out only two grounds as justifying withholding discharge, and commands the court to grant discharge unless one of these two grounds is proven. He could scarcely fail to notice, if that section be now consulted by him, that the matters attempted (as we assume) to be stated by him are not embraced within either of these grounds. Occasionally it appears surprising that counsel will attempt to take action in matters committed to their charge without consulting the statute under which they act, or carefully examining the papers drawn up by them, for the purpose of ascertaining whether these present a basis upon which they can properly ask the action of the court. Due consideration of the attitude in which otherwise they present themselves should induce careful examination after the papers have been drawn up, even if they have lost sight of their client's best interests, and have no consideration whatever for the wholly useless burden they impose, and the almost trespass which they commit, upon the court, in consumption of judicial time and energy, in the attempt to extract from such papers, and to determine, if possible, whether back of it all there may not be some fact existing or some right existing to the client, which, in justice to him, should receive further action in the case.

With what lack of care for his clients' interests, and lack of consideration of the statutes, counsel for opposing creditors has attended, or failed to attend, to this case, is apparent from the fact that counsel has made no effort to avail himself of the various provisions of the statute, and the opportunities afforded at the different meetings of creditors, for placing the bankrupt under close and searching examination, whereby he might have probed to the very bottom the circumstances to which he has so indefinitely referred in the so-called "specification of grounds of objection" filed by him herein.

I desire that the clerk of this court shall very strictly observe the provisions of this statute requiring that counsel appearing for parties in bankruptcy proceedings must have been admitted to practice in this court. In some degree the observance of this requirement may

result in excluding those attempting to practice as attorneys, who do·not employ knowledge of the law or give attention to matters intrusted to them to such a degree as to justify the expectation that the interests of their clients are reasonably safe in their hands. In the present case, as presented by counsel, there appears no ground, nor shadow of ground, under the present statute, in which the court could be justified in refusing discharge. Accordingly, discharge ordered.