## In re PIERCE.

### (District Court, N. D. New York. July 20, 1900.)

### No. 80.

1. BANKRUPTCY—DISCHARGE—FRAUDULENT CONCEALMENT OF PROPERTY.

   Under Bankr. Act 1898, § 29b, authorizing the discharge of a bankrupt unless he knowingly and fraudulently conceals any of the property belonging to his estate while a bankrupt, the mere concealment of property by the bankrupt is not ground for denying a discharge, if it was not done knowingly and fraudulently.

2. SAME—OBJECTIONS BY CREDITORS—SPECIFICATION.

   A specification, in objections to the discharge of a bankrupt, that the latter has concealed property belonging to his estate in bankruptcy, but not charging that it was knowingly and fraudulently done, does not present any issue on the bankrupt's application for discharge.

3. SAME—AMENDMENTS.

   Where the specifications in objections to the discharge of a bankrupt are defective, in not charging that a concealment of property by the bankrupt was knowingly and fraudulently done, the same may be amended by the insertion of such allegation after the evidence is in.

4. SAME.

   Objections to the application of a bankrupt for a discharge cannot be amended so as to present a new issue, as the failure to keep books, after the evidence is in and the objections have been overruled.

5. SAME—RECOVERY OF PROPERTY BY TRUSTEE.

   The discharge of a debtor in bankruptcy in no way precludes the trustee from recovering property of the bankrupt's estate which has been fraudulently transferred.

In Bankruptcy.

George H. Cobb, for bankrupt.

David Bearup, for creditor.

COXE, District Judge. After a careful examination the referee has found that the evidence is insufficient to warrant a finding that the bankrupt knowingly and fraudulently concealed property from his trustee. I incline to the opinion that the conclusion of the referee in this regard is correct. If criticism of this condition of affairs is to be indulged in it should be directed not against the judicial but the legislative branch of the government. It cannot be disputed that the present act permits a discharge no matter how preferential and fraudulent have been the transfers of the bankrupt so long as his acts do not amount to a fraudulent concealment from his trustee of property belonging to his estate. Whether this should be so there may be serious doubt, that it is so there is no doubt. The proof here

fails to establish a case under section 29b, subd. 1, Bankr. Act. The specification filed by the objecting creditor, now opposing the discharge, is, in my judgment, insufficient to present this issue, or any issue. The objection charging concealment omits the essential and fundamental allegation that the acts were done "knowingly and fraudulently." The objection that the bankrupt failed to keep books is not mentioned at all. Should the objecting creditor desire to proceed further in this matter he may amend the objections numbered 1 and 2 by inserting the necessary allegation as above indicated and he may verify the specification nunc pro tunc. No hardship can result as the evidence has been taken and considered upon the theory that the specification was sufficient. It would be unfair, however, to permit an objection presenting the issue as to the failure to keep books to be made at this late day. The discharge will in no way preclude the trustee from recovering property fraudulently transferred. The report of the referee is confirmed and the discharge is granted.