---

## In re MUDD.

(District Court, W. D. Missouri, W. D.    October 6, 1900.)

1. BANKRUPTCY—OBJECTIONS TO DISCHARGE—PERMITTING AMENDMENT.

  The bankruptcy act contemplates a speedy discharge of the bankrupt, and it is the duty of creditors who desire to object to advise themselves of the requirements of the statute, and bring themselves strictly within its terms. When they have long delayed a hearing on the application for discharge by reason of their insufficient objections, it rests largely within the sound discretion of the court whether or not amended specifications shall be permitted; and especially it will require that such amended specifications, to be allowed, shall conform strictly to the statutory requirements.

2. SAME—SUFFICIENCY OF SPECIFICATIONS.

  Creditors will not be permitted to file amended specifications of objection to the discharge of a bankrupt, after their first specifications have been held insufficient, on the ground that the bankrupt has committed an offense punishable by imprisonment under Bankr. Act 1898, § 29b, by concealing property from his trustee, where such specifications do not allege that such acts were "knowingly and fraudulently" done, or specifically describe the property charged to have been omitted from his schedules, when such description, if the charge is well founded, could have been ascertained by reasonable effort.

In Bankruptcy.    On application for leave to file amended specifications of objection to discharge.

Silvers & Silvers, for creditors.

PHILIPS, District Judge.    The Bates County Bank and others, creditors of the bankrupt, made objections to the discharge of the

bankrupt.· These objections were referred to Thomas T. Critten-
den for examination and report, who has reported against the ob-
jections, on the grounds that the specifications were wholly insuffi-
cient in law. This the objectors virtually concede, as they now
come into court and ask leave to file additional and amended spec-
ifications. The bankruptcy act contemplates a speedy discharge of
the bankrupt; and when the time for his discharge has elapsed,
until his application is made in due form and duly published, object-
ing creditors ought, in simple justice, to advise themselves of the
requirements of the statute, and to bring themselves strictly within
its terms. And when they have, as in this instance, long delayed
the hearing of the application for discharge, by reason of their insuffi-
cient objections, it rests largely in the sound discretion of the court
as to whether or not amended specifications shall be permitted.
And especially ought the court, in such second attempt to defeat the
application for discharge, to hold the objectors to a strict compliance
with the requirements of the statute in the matter of their spec-
ifications. The only objections which the statute permits to be made
to the discharge of the bankrupt are specified in section 14 of the
bankruptcy act:

"(1) If the bankrupt has committed an offense punishable by imprisonment
as herein provided; or (2) with fraudulent intent to conceal his true financial
condition and in contemplation of bankruptcy, destroyed, concealed or failed
to keep books of account or records from which his true financial condition
might be ascertained."

The specifications propounded in these amended objections are at-
tempted to be brought within the first ground. Section 29b, which
defines the offenses, requires that the acts shall be "knowingly and
fraudulently" done; that is, that he shall have knowingly and fraud-
ulently concealed, while a bankrupt, from his trustee any property
belonging to his estate in bankruptcy, or made false oath or account
in or in relation to any proceeding in bankruptcy. The first spec-
ification is that the bankrupt, in his original petition, did not truth-
fully fully disclose all of his assets, as required under the laws of
the United States, in neglecting to exhibit fees that were due him
as sheriff. This is fatally defective, in that it does not allege that
the act was "knowingly and fraudulently" done. The objection
shows on the face of it that the bankrupt has filed an amended
schedule covering the fees not specified in his original schedule.
And it is quite apparent to the court that they were of such a char-
acter that the fact as to whether or not they had then been earned,
so as to constitute an asset at the time the petition in bankruptcy
was filed, might easily persuade a reasonable person that the bank-
rupt innocently overlooked them, or was not then informed of their
existence. The second specification charges that the bankrupt, "with
fraudulent intent to conceal his true financial condition," etc., "know-
ingly, willfully, and for the purpose of defrauding his creditors, failed
to report and disclose therein fees that were due, a portion of which
have been collected by him from the state of Missouri, amounting to
two hundred dollars." Even if it could be said that this language
is equivalent, in legal contemplation, to the words "knowingly and

fraudulently," the specification is insufficient, in that it does not specify what fees were so earned, but states them in a lumping way, leaving the bankrupt quite at sea as to what particular fees he is called upon to account for in meeting such issue.   The third specification is that the bankrupt, in the original petition and schedules, and the amended schedules, with intent to conceal his true financial condition, and with intent to defraud his creditors, etc., knowingly and willfully refused and failed to disclose real estate owned by him in the town of Sumas, in Whatcom county, state of Washington, the particular description of which, as well as the value thereof, is unknown.   Again the words "knowingly and fraudulently" are omitted, and, if they had been employed, the property alleged to have been withheld from the schedule is not sufficiently described.   Certainly these creditors, in all this time, in the exercise of the most ordinary diligence, should have been able to describe this property, whether it was a house and lot, or a block, or land by the acre; but the specification refers the inquiry to property situated in a town in a distant state, without having taken the trouble to locate it.  The specification shows on its face that the objectors are guessing at something.   The fourth specification charges that the bankrupt, within five days prior to the filing of the petition in bankruptcy, sold to the Missouri State Bank, in Butler, Mo., fees belonging to him, as sheriff, amounting to the sum of $470, for the sum of $460, and that he had other moneys.   Again are the words "knowingly and fraudulently" omitted from the charge, nor does the specification allege that these moneys were "concealed while a bankrupt from his trustee."   It is a simple charge that he refused to report them to this court as assets belonging to his estate.   Neither is there any specification or description of what fees were so sold.   The fifth specification, on its face, is mere guesswork.   It charges, in a general way, that the bankrupt, as sheriff, had owing to him as fees for services performed by him as sheriff before the 2d day of June, 1898, the sum of $200, which fees were not included in the matters hereinbefore set out, "the specific cases and matters in which the same were earned, and the specific amounts of which, are to these creditors unknown, and for which reason they cannot itemize the same."   This is so obviously insufficient as not to require comment.   The sixth specification is merely argumentative, and states no fact within the provisions of section 29b.   The seventh specification charges that the bankrupt knowingly refused and failed to schedule household and kitchen furniture, "the particular items of which are to the creditors unknown," and that he failed to schedule certain guns, pistols, handcuffs, and other implements used by him in his office.   Aside from the objections that it fails to charge that this was "knowingly and fraudulently" done, the objectors admit that they are unable to particularize what household and kitchen furniture was concealed.   Naturally, these creditors, before making such serious charges, and before they can ask the court to keep this application for discharge longer in abeyance, ought to have advised themselves as to what these articles were, and the number of them.   The objection, on its face, shows that the objectors are again making general charges, and are casting simply a dragnet in

the dark. The eighth specification is a general allegation that in the original schedule the bankrupt stated that other fees besides those scheduled were worthless, and that this "was untrue, as the said Elijah C. Mudd at said time then and there well knew." And then it is alleged that in the amount scheduled it is stated that most of the fees therein scheduled are worthless, and that this was untrue, which he well knew. This, to say the least of it, is frivolous. The mere statement of the bankrupt that any assets of his estate were worthless would not make them so, and would not affect the title of the trustee, nor affect their real value in his hands. It would open a wide field of inquiry for the court to undertake to ascertain what was the real opinion of the bankrupt as to the worth or worthlessness of the fees. The creditors of the estate could lose nothing by reason of the alleged failure of the bankrupt to schedule certain assets, as it would be the duty of the trustee to go after and recover them. This is especially so in respect of household and kitchen furniture, and any other tangible personal property of the bankrupt. In other words, the discharge of the bankrupt in no wise affects the right of the trustee to recover any and all fees due the bankrupt, nor the power of the court to compel the bankrupt to turn over to the trustee any money shown to be in his hands belonging to the estate. What the court decides, and what it wishes to emphasize, is that, when creditors come to object to an application for a discharge, they must bring themselves within the positive requirements of the statute. The application for leave to file amended specifications is denied.