### In re PATTERSON.

(District Court, N. D. New York. April 14, 1903.)

1. BANKRUPTCY—DISCHARGE—OBJECTIONS.

> Under Bankr. Act, § 14b (Act July 1, 1898, 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427]), providing that a bankrupt shall not be entitled to his discharge if he has committed an offense punishable by imprisonment as provided by such act, and section 29b, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], declaring that a person shall be punished by imprisonment on conviction of having "knowingly and fraudulently" made a false oath in relation to any proceeding in bankruptcy, a speci-

fication in opposition to a bankrupt's discharge for making a false oath in the bankruptcy proceedings, which failed to allege that such oath was "knowingly and fraudulently made," was demurrable.

**2. SAME—FRAUDULENT DISPOSITION OR CONCEALMENT OF PROPERTY.**

Under Bankr. Act, § 14b (Act July 1, 1898, 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427]), providing that a bankrupt's discharge shall be denied if he is guilty of an offense punishable by imprisonment as provided therein, or with fraudulent intent conceals his true financial condition, etc., and section 29b, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], providing that a person shall be punished by imprisonment on conviction of having "knowingly or fraudulently" concealed, while a bankrupt, or after discharge, any of his property, an objection to a bankrupt's discharge alleging that before the petition was filed the bankrupt fraudulently disposed of a part of his property, and in his petition concealed the fact, and that he had converted the proceeds of such disposition to his own use, was demurrable for failure to allege that he "knowingly and fraudulently" concealed property so conveyed while a bankrupt, which would have belonged to his estate in bankruptcy, and that such property was not thereafter surrendered.

**3. SAME—FAILURE TO KEEP BOOKS.**

Under Bankr. Act, § 14b (Act July 1, 1898, 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427]), providing that a bankrupt's discharge shall be denied on proof of his failure to keep books of account or records from which his true condition might be ascertained, a specification in objections to a discharge, alleging that with a fraudulent intent to conceal the bankrupt's financial condition, and in contemplation of bankruptcy, he failed to keep any books of account or record from which his true condition might be ascertained, without further particulars, was sufficient.

This is a demurrer to the specifications of objections filed by Weidman & Co. to the discharge in bankruptcy of Edward T. Patterson, the above-named bankrupt.

J. H. Bain, for bankrupt.
Charles R. Patterson, for Weidman & Co.

RAY, District Judge. Weidman & Co. file specifications of objection to the discharge of the bankrupt in the words and figures following:

"Weidman & Co., of the city of Albany, state of New York, creditors and parties interested in the estate of the said Edward T. Patterson, bankrupt, do hereby oppose the granting to him of the discharge of his debts, and for the following grounds of such opposition do file the following specifications:

"1st. That the said Edward T. Patterson has committed an offense punishable as provided in the national bankruptcy law, in that he made a false oath to his petition in bankruptcy and also as a witness before the referee in bankruptcy, in this respect, to wit, he stated in said petition and as a witness before said referee that he had no property, real or personal, whereas it appears in the proceedings before said referee that he owned a horse of the value of $175 or more, and that he still owns said horse, and that his title thereto has never been divested.

"2nd. That from about the 10th day of October, 1901, until about the 19th day of July, 1902, the said Patterson was in partnership with one Frank Lucas, under the firm name of Patterson & Lucas. That said firm was insolvent, and have been since the 1st day of Jan'y, 1902. That on or about the 1st day of August, 1902, the said Edward T. Patterson fraudulently transferred to his brother, George A. Patterson, all the tangible assets of said firm, of the value of upwards of $438, to apply on or in payment of his individual debt or obligation to his said brother. That later, and within a

few days of filing his petition in bankruptcy, in November, 1902, the said Edward T. Patterson fraudulently assigned and transferred (in form) to his said brother accounts due the said firm of Patterson & Lucas, amounting to and of the value of $638, upon which the said George A. Patterson advanced the sum of $150 to the said Edward T. Patterson, for the express purpose of paying the individual expenses of the said Edward in his proceedings in this court whereby he might be discharged from his debts; and the said Edward, in his proceedings in this court made within a few days after this fraudulent disposition of the assets of said firm for his individual purposes, filed said petition knowingly and fraudulently suppressing and concealing therein the accounts of said firm, his conversion thereof to his individual purposes, and stating therein that said firm had no assets. That with the money thus obtained from the property of said firm the said Edward T. Patterson fraudulently applied the same upon his individual expenses in instituting and maintaining these proceedings.

"3rd. That the said Edward T. Patterson committed an offense, or series of offenses, punishable as provided by said bankruptcy law, in that he made false oaths before said referee in bankruptcy when sworn as a witness in said proceedings, as follows, to wit: He testified that he sold the tangible property of Patterson & Lucas to his brother George A. Patterson, for less than $400; that it was about $300; while the fact was that the consideration was $438. He testified that $200 was taken out of the purchase price of these assets to pay $200 which he had borrowed of his said brother to purchase the interest of his partner, Lucas; while the fact was that he borrowed $300 of his brother to purchase the interest of said Lucas, and that sum, instead of $200, was deducted from the purchase price. He testified that he sold his horse; didn't remember whether the consideration was $125 or $175; that he received the full consideration; while the evidence shows that he did receive $100, and $75 was applied upon a debt of long standing. But the proof is there was no sale; that no title passed; that there was no delivery; that the transaction was merely the passing of words between the parties, with a view of cheating and defrauding the creditors of the bankrupt.

"4th. That with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, the said bankrupt has failed to keep any books of account or records from which his true condition might be ascertained, except only the books of account of the firm of Patterson & Lucas, which was dissolved about the 19th day of July, 1902.

"That all of the foregoing specifications are made upon information and belief."

Section 14b of the bankruptcy law (Act July 1, 1898, 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427]), provides:

"(b) The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained."

Section 29b of the same act, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], provides as follows:

"(b) A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy; or (2) made a false oath or account in, or in relation to, any proceeding in bankruptcy; (3) presented under oath any false claim for proof against the estate of a bankrupt, or used any such claim in composition personally or by agent, proxy, or attorney, or as agent, proxy, or attorney; or (4) received any ma-

terial amount of property from a bankrupt after the filing of the petition, with intent to defeat this act; or (5) extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings."

It will be noted that the act is explicit in defining the offenses mentioned in subdivision "b" of section 29. The acts constituting the offenses against the law must have been "knowingly and fraudulently" done, and specification of objections that do not charge that the false oath in bankruptcy proceedings was knowingly and fraudulently made are not sufficient. In re Pierce, 4 Am. Bankr. Rep. 554, 103 Fed. 64; In re Kaiser (D. C.) 99 Fed. 689.

The first and third specifications of objection are clearly fatally defective in failing to allege that the alleged false oaths were knowingly and fraudulently taken or made, and the demurrer as to those specifications must be sustained.

As to the second specification of objection, the charge is that before the petition was filed the bankrupt fraudulently disposed of part of the property of a firm of which he was a member; that in his petition he concealed this fact and the fact he had converted the proceeds of such fraudulent disposition to his own use, especially to the payment of the expenses of this proceeding. There is no charge that he knowingly and fraudulently concealed while a bankrupt—that is, after the petition was filed—any of the property belonging to his estate in bankruptcy. If we assume that he concealed it before the petition was filed by so fraudulently disposing of it, there is no allegation that it was not surrendered thereafter. This specification is clearly insufficient, and as to it the demurrer must be sustained. See Collier on Bankruptcy (4th Ed.) p. 165.

As to the fourth specification of objection, the same is as clearly sufficient. In the language of the act it charges a failure to keep books of account, etc. It alleges a fact. No further particulars could be given. As to this, the fourth specification of objection, the demurrer is overruled.

But the objecting creditor, on payment of $10, as a condition of granting the favor, to the opposing attorney, may file amended specifications of objection.

So ordered.