In re LEVEY.

(District Court, N. D. New York. November 30, 1904.)

1. BANKRUPTCY—DISCHARGE—RIGHT OF TRUSTEE TO OPPOSE.

A trustee in bankruptcy, so long as the estate is unsettled, and so long as he is claiming and seeking to recover property or money from the bankrupt alleged to belong to the estate and to be wrongfully withheld or concealed, is a "party in interest," within the meaning of Bankr. Act July 1, 1898, § 14b, as amended Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], and may file and prosecute specifications of objection to the bankrupt's discharge.

2. SAME—SPECIFICATIONS OF OBJECTIONS—REQUISITES.

Specifications of objection to the discharge of a bankrupt, where they attempt to charge the commission of a crime, must state the facts constituting such crime with substantially the same particularity and exactness required in an indictment, and the acts set out must be charged as having been knowingly and fraudulently done.

3. SAME.

Where specifications of objection to a discharge allege that the bankrupt has obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit, they must not only set out the false representations, but the name of the person so alleged to have been defrauded must be given.

4. SAME.

Specifications of objection to a discharge filed by one not shown to be a creditor should state the facts showing how and why he is a party in interest.

---

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 714.

In Bankruptcy. Exceptions and demurrer to the specifications of objection filed to the discharge of the bankrupt Leo B. Levey.

Edward G. Herendeen and George F. Andrews, for trustee.

Frederick E. Hawkes, for bankrupt.

RAY, District Judge. The bankrupt, Leo B. Levey, having been duly adjudicated a bankrupt, has, as he asserts, turned over to·his trustee in bankruptcy, William A. Smyth, all of his property not exempt. One dividend has been made and paid, but property for distribution still remains in the hands of said trustee, who asserts that the bankrupt has in his possession and under his control other property or money to the amount of several thousand dollars, not exempt, and which he is fraudulently and wrongfully concealing and withholding from his trustee. The trustee also asserts that he has taken and is prosecuting proceedings to recover or compel the payment or delivery to him of such property or money. It is conceded that the trustee is not a creditor of the bankrupt.

One ground of exception and demurrer to the specifications of objection is that they are not made or filed by a "party in interest"— that is, that the trustee is not "a party in interest" within the meaning of the bankruptcy law, and hence not entitled to file such objections— and that, therefore, same should be dismissed. This court is not aware that this precise question has been passed upon, and therefore has given it careful examination and consideration. Subdivision "b" of section 14 of the act entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, as amended by the act approved February 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], provides:

"The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) with intent to conceal his financial condition, destroyed, concealed or failed to keep books of account or records from which such condition might be ascertained; or (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit; or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors; or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years; or (6) in the course of the proceedings in bankruptcy refused to obey any lawful order of or to answer any material question approved by the court."

By implication parties in interest only may oppose the discharge of the bankrupt. There is no express provision declaring who may oppose. The Supreme Court, in making general orders in bankruptcy, by order No. 32 (18 Sup. Ct. ix) provided as follows:

"A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge."

It is claimed that here is a construction of section 14, above quoted, in effect declaring that only creditors may oppose the discharge of the bankrupt. Collier on Bankruptcy (4th Ed.) p. 161, says:

"They [the specifications of objection] must be in writing, and verified, and may be filed by any person having a pecuniary interest in resisting the discharge of the bankrupt, as one owning an unliquidated claim, even though such person has not proven a debt."

See Ex parte Traphagen, Fed. Cas. No. 14,140; In re Frice (D. C.) 2 Am. Bankr. R. 674, 96 Fed. 611.

Loveland, in his work on the Law and Proceedings in Bankruptcy, pages 738, 739, says:

"An application for a discharge may be opposed by any of the 'parties in interest.' To entitle a party to oppose a discharge he must have a pecuniary interest in the matter, and that interest must be satisfactorily shown. A person has been held to have an interest sufficient to entitle him to oppose a discharge where his claim was contingent and unliquidated, so as not to be capable of being proved as a debt, or where he held an equitable claim only against the estate, or where his claim was being contested, although his claim has not been proved, or is no longer provable. But where a debt is barred by a lapse of time the creditor has no interest, and therefore cannot oppose the discharge."

Brandenburg, in his work on Bankruptcy, says (section 347):

"Parties in interest, which would include creditors scheduled by the bankrupt, without regard to whether or not they had proved their claims, may oppose a discharge."

He cites In re Frice (D. C.) 2 Am. Bankr. R. 674, 96 Fed. 611.

The act of March 2, 1867, c. 176, 14 Stat. 517, by express provisions confined the opposition to the granting of discharges to creditors, and hence decisions under that act are of little weight in ascertaining who are "parties in interest." Section 29 of the act of 1867 provided for notice to creditors, and no one else, of the application for a discharge, requiring them to appear and show cause why a discharge should not be granted. The language was:

"The court shall thereupon order notice to be given by mail to all creditors who have proved their debts * * * to appear on a day appointed for that purpose, and show cause why a discharge should not be granted to the bankrupt."

Section 31 of that act provided:

"That any creditor opposing the discharge of any bankrupt may file a specification in writing of the grounds of his opposition," etc.

Section 15 of the act of July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], relating to the revocation of discharges, says:

"The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if," etc.

The use in sections 14 and 15 of the words "parties in interest" instead of the word "creditors" was, of course, intentional, and, as it is presumed the legislators who framed the act of 1898 had some familiarity with the act of 1867, it is fair to assume that they intended to make the act of 1898 broader than that of 1867; that is, to give

the right to object to a discharge to others than creditors of the bankrupt. This court is of the opinion that it was the purpose of Congress to enable any person having a personal pecuniary interest, or a representative pecuniary interest, in preventing a discharge, to oppose the discharge of the bankrupt. The executor or administrator of a deceased creditor of the bankrupt, who had proved his claim, would have no direct personal pecuniary interest in opposing the discharge of a bankrupt, but who will seriously contend he may not file specification of objection? In a sense he has a direct personal pecuniary interest, for, should the discharge be refused, and the whole debt collected, his commissions would be increased accordingly. But in the case of such officers of the court it is made their duty to enforce the collection of the debts due their testators or intestates, as the case may be. The trustee of the estate of a bankrupt has imposed on him by section 47 of the act (30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) the duty to "(2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the (not creditors, but) parties in interest;  *  *  *  (5) furnish such information concerning the estates of which they are trustees and their administration as may be requested by parties in interest," etc. Later on in the same section, as in other parts of the act, the word "creditors" is used in places where the words "parties in interest" might and probably would have been used had Congress intended to give the same meaning to both expressions. The terms are not intended to be made synonymous. By section 48 of the act the trustee is given a percentage on all moneys disbursed by him as such trustee, and hence, the more money collected, the more he will disburse, and the larger his commissions. This court is of the opinion that so long as the estate of the bankrupt is unsettled, and so long as the trustee is claiming and seeking to recover property or money from the bankrupt alleged to belong to the estate, and claimed to be wrongfully withheld or concealed from the trustee, such trustee is a party in interest within the true meaning of section 14, subd. "b," and may file and prosecute specifications of objection to the discharge of the bankrupt. Under such conditions the trustee is pecuniarily interested, for, if the property or money is recovered from the bankrupt, the commissions of the trustee will be increased. So long as the pending bankruptcy proceeding is in this condition, the trustee is a party in interest. Certainly, so long as such trustee asserts that the bankrupt is guilty of the offense of knowingly and fraudulently concealing from him property belonging to the estate in bankruptcy, and is seeking to recover it and restore it to the estate for the creditors (and such is this case), so long such trustee remains a party in interest, and he would hardly perform his duty should he permit a discharge to be granted without opposition. Such a controversy should be determined before the granting of a discharge to the bankrupt. The trustee would hardly act consistently should he permit a discharge without objection while prosecuting a claim that, if sustained, would bar a discharge. See subdivision "b," § 29, Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433].

In Re Sykes (D. C.) 106 Fed. 670, Hammond, District Judge, seems to have entertained the opinion that a trustee may file specifications of objection to the discharge of the bankrupt, for he says:

"It does not appear that the trustee or any creditor has raised an objection to the discharge, or filed any specification in opposition thereto, as required by the practice of the court."

This ground of demurrer is therefore overruled. The specification that the bankrupt failed to keep books of account is deemed sufficient, but might be in better form. The other specifications of objection are faulty and defective, and the exceptions and demurrer thereto are sustained. So far as they charge or attempt to charge the commission of a crime, they must state facts showing the commission of the crime with substantially the same particularity and exactness required in an indictment. See Collier on Bankruptcy (4th Ed.) p. 161, and cases cited; Brandenburg on Bankruptcy (3d Ed.) § 348; 2 Foster's Fed. Pr. (3d Ed.), p. 1144; In re Hirsch (D. C.) 96 Fed. 468; In re Kaiser (D. C.) 99 Fed. 689; In re Mudd (D. C.) 105 Fed. 348; In re Adams (D. C.) 104 Fed. 72; In re Pierce (D. C.) 103 Fed. 64. The acts set out must be charged to have been knowingly and fraudulently done. In re Patterson (D. C.) 10 Am. Bankr. R. 371, 121 Fed. 921; In re Blalock (D. C.) 9 Am. Bankr. R. 266, 118 Fed. 679. When it is alleged that the bankrupt has obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit, not only must the false representations be set out, but the name or names of the person or persons so alleged to have been defrauded must be given. It is quite true that the proceeding is not a criminal one (In re Dauchy [D. C.] 10 Am. Bankr. R. 527, 122 Fed. 688), and that, while the objecting party has the burden of proof, he is not required to prove the commission of the offense alleged beyond a reasonable doubt, a fair preponderance of evidence being sufficient (In re Leslie [D. C.] 9 Am. Bankr. R. 561, 119 Fed. 406; In re Dauchy [D. C.] 10 Am. Bankr. R. 527, 122 Fed. 688), still the bankrupt is entitled to have the specifications of objection made so explicit and definite that he may have notice of the exact charge made and which he is to meet. The specifications of objection should show how the objecting party is interested. In this case the objections made by the trustee should show how and why the trustee is a party in interest, for ordinarily, perhaps, or at least in very many cases, the trustee is not a party in interest. The mere fact that a person is the trustee of the estate of a bankrupt may not entitle him to file specifications of objection. The specifications filed do state that the trustee is a party in interest, but fail to state how or why. It would be sufficient for a creditor to state that mere fact as every creditor prima facie has the right to object, but not so with the trustee, as we have seen.

The objecting party may file and serve amended and corrected specifications of objection within 10 days after service of a copy of the order to be entered in accordance with this opinion on payment of $10 costs of this demurrer.