## In re TAPLIN.

(District Court, N. D. Iowa, Cedar Rapids Division. February 25, 1905.)

### No. 399.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS.

A specification of objections to a bankrupt's discharge, that at the time of filing his petition he was the owner of a stock of drugs and general merchandise, no part of which was ever delivered to the trustee in bankruptcy, and that the bankrupt now has possession thereof, was insufficient, in the absence of an allegation that he concealed the same, or in any manner prevented the trustee from taking possession thereof.

2. SAME—CONCEALMENT OF ASSETS—FALSE OATH.

Bankr. Act July 1, 1898, c. 541, § 14 (1), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], provides that the application for discharge shall be granted unless the bankrupt has committed an offense punishable by imprisonment as therein provided; and section 29b, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], declares that a person shall be punished by imprisonment on conviction of having knowingly and fraudulently concealed, while a bankrupt or after his discharge, from his trustee, any property belonging to his estate in bankruptcy, or made a false oath or account in, or in relation to, any bankruptcy proceedings. *Held*, that the doing of such acts "knowingly and fraudulently" was an essential element of the offense, so that a specification alleging that at the time of filing his petition a bankrupt owned and possessed property, which he fraudulently concealed and fraudulently failed to inventory, was insufficient.

3. SAME.

An objection to a bankrupt's discharge not set forth in the specifications filed cannot be considered.

In Bankruptcy. On petition for discharge, and specifications of objections thereto.

Theo. F. Bradford, for the bankrupt.
Struble & Stiger and S. C. Huber, for objecting creditors.

REED, District Judge. The specifications of objections in opposition to the petition for discharge are (1) that the bankrupt, at the time of filing his petition herein, owned and possessed a large amount of property which he fraudulently concealed, and fraudulently failed to inventory as a part of the estate in bankruptcy; (2) that at the time of filing his petition in bankruptcy he was the owner of a stock of drugs and general merchandise, and that no part of the same has ever been delivered to the trustee in bankruptcy, and that the bankrupt now has possession thereof; (3) that, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, he destroyed and mutilated his books of account, etc.

There is no evidence to support the third ground of the specifications, and it is withdrawn by the objecting creditors.

The second specification is not a ground for denying the discharge. If the bankrupt has such goods in his possession, it is not alleged that he concealed the same, or in any manner prevented the trustee from taking possession of them.

The first specification is therefore the only one that need be considered. This is apparently based upon section 14 (1) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), which provides that the application for discharge shall be granted unless the bankrupt has committed an offense punishable by imprisonment as herein provided. The offenses so punishable are specified in section 29b of the act, and are as follows:

"A person shall be punished by imprisonment * * * upon conviction of the offense of having knowingly, and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any property belonging to his estate in bankruptcy, or (2) made a false oath or account in or in relation to any proceedings in bankruptcy. * * *" 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433].

The doing of the act knowingly and fraudulently is an essential ingredient of the offense. This specification fails to allege that the act charged was knowingly done, or that a false oath was knowingly and fraudulently made by the bankrupt to his schedules, or in relation to any proceedings in bankruptcy. The specifications of objections to a discharge, when based upon the ground of having committed an offense punishable by imprisonment, should state the offense so committed with substantially the same particularity and exactness as would be required in an indictment for such an offense. In re Hirsch (D. C.) 96 Fed. 468; In re Levey (D. C.) 133 Fed. 572; In re Mudd (D. C.) 105 Fed. 348; In re Patterson (D. C.) 121 Fed. 921. It is plain that an indictment in the language of the first specification would charge no offense under the bankruptcy act, and it presents, therefore, no ground for withholding the discharge. If, however, the testimony was to be considered, it fails to show that the bankrupt knowingly and fraudulently omitted from his schedules any property owned by him at the time of filing the same.

The objecting creditors contend in argument that a bill of sale of a stock of drugs and merchandise made by the bankrupt and one Milligan, as co-partners, to the father of the bankrupt, on April 16, 1903, was fraudulent as to creditors, and that this is sufficient to defeat a discharge, under section 14 (4) of the bankruptcy act. The specifications do not allege this as a ground for withholding a discharge, and for this reason alone such an objection cannot be considered.

There is not, therefore, such a showing as will warrant a denial of the discharge, and it will be granted. It is so ordered.