### In re GRIFFIN BROS.

(District Court, S. D. Alabama S. D. June 29, 1907.)

#### No. 452.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS—SPECIFICATIONS.

It is incumbent on a creditor opposing a bankrupt's discharge to allege in his specifications of objections and prove at least one of the statutory grounds for withholding the discharge; objections not specified in the act being unavailable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 714, 720.]

2. SAME—CONCEALMENT—WITHHOLDING OF BOOKS—INTENT.

Specifications of objection to a bankrupt's discharge, alleging concealment of assets and withholding of books, not charged to have been with the fraudulent intent to conceal his true financial condition, were insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 714.]

3. SAME—WITHHOLDING OF PROPERTY—FRAUD.

An allegation that a bankrupt withheld and concealed his property and assets from his schedule and from his trustee, failing to charge that such withholding and concealment was knowingly and fraudulently done, was insufficient to prevent his discharge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 714.]

4. SAME—DISCHARGE—REVOCATION.

A discharge in bankruptcy may be revoked, if it is made to appear that it was obtained through the bankrupt's fraud, and that the petitioning creditors only obtained knowledge of the fraud after the discharge was granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 869.]

5. SAME—LACHES.

Where a petition to revoke a bankrupt's discharge for fraud alleged that the fraud was not known to petitioners until after the discharge, and they had no opportunity before that time to interpose the fraud in opposition to the discharge as alleged, they were not chargeable with laches.

In Bankruptcy.

Gregory L. & H. T. Smith, for petitioners.
Gessner T. McCorvey, for bankrupt.

TOULMIN, District Judge. It is incumbent upon the creditor opposing a discharge to allege in his specifications and to prove to the court one of the statutory grounds for withholding the discharge. In re Thomas (D. C.) 1 Am. Bankr. Rep. 515, 92 Fed. 912.

A concealment of bankrupt's property, in order to be a sufficient ground for refusing him a discharge, must have been knowingly and

fraudulently made. In re Cohn (D. C.) 1 Am. Bankr. Rep. 655; In re Pierce (D. C.) 4 Am. Bankr. Rep. 554, 103 Fed. 64; In re Hixon (D. C.) 1 Am. Bankr. Rep. 610, 93 Fed. 440; In re Wetmore (D. C.) 6 Am. Bankr. Rep. 703; In re Taplin (D. C.) 14 Am. Bankr. Rep. 360, 135. Fed. 861; In re Mudd (D. C.) 5 Am. Bankr. Rep. 242, 105 Fed. 348; In re Schreck, 1 Am. Bankr. Rep. 367.

The only grounds of objection to a discharge that can be interposed are those enumerated in section 14 and section 29, Bankr. Act. July 1, 1898, c. 541, 30 Stat. 550, 554 [U. S. Comp. St. 1901, pp. 3427, 3433], as relate to it. In re Wetmore (D. C.) 6 Am. Bankr. Rep. 703.

The grounds of objection to a discharge are that the applicant (bankrupt) has committed an offense punishable by imprisonment; or that, with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained; or at any time subsequent to the first day of the four months immediately preceding the filing of the petition removed, destroyed or concealed any of his property with intent to hinder, delay, or defraud his creditors; or in the course of the proceedings in bankruptcy refused to obey any lawful order of the court; or who, while a bankrupt, knowingly and fraudulently concealed from his trustee any of the property belonging to his estate in bankruptcy; or made a false oath or account in or in relation to any proceeding in bankruptcy. Sections 14 and 29 of the Bankrupt Act.

The grounds on which a discharge will be revoked are the same as would have originally prevented the granting of the discharge had they been known and presented in time in the form of objections to its allowance. Thus, in a bankrupt's application for discharge, he is required to state that he has wholly surrendered all his property and rights of property and fully complied with all the requirements of the act, which, if not true, and there are grounds for refusing him a discharge constitute a fraud in obtaining his discharge. Brandenburg on Bkrcy., p. 263, § 402, and authorities cited. The bankrupt act provides that a discharge may be revoked if it shall be made to appear that it was obtained through the fraud of the bankrupt, and the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant a discharge. Section 15 of the Bankruptcy Act. The specifications in opposition to a bankrupt's discharge and the proofs should be clear, positive, and direct; and the opposing creditors must distinctly allege and prove one or more of the statutory grounds for refusing a discharge. In re McGurn (D. C.) 102 Fed. 743. "The specifications must not be mere statements of legal conclusions. It is necessary that the facts be alleged, and that such allegations be distinct, specific, and definite, so as to clearly inform the bankrupt what he is to disprove. If they are vague or general, the court will dismiss them or compel the objecting party to be more definite." In re Holman (D. C.) 92 Fed. 512; Collier on Bankcy. 138; In re Hirsch (D. C.) 96 Fed. 468–471; In re Kaiser (D. C.) 99 Fed. 689. It is, also, necessary for the petitioners to aver in their application the facts showing their freedom from laches. It is not sufficient to make in the application a general averment of

conclusions. In re Oleson (D. C.) 110 Fed. 796; Brandenburg on Bkcy. § 401. To bar a discharge of the bankrupt, failure to keep books, or his destruction or concealment of books or records from which his true financial condition might be ascertained, must be done with intent to conceal his true condition and in contemplation of bankruptcy. In re Spear (D. C.) 4 Am. Bankr. Rep. 617, 103 Fed. 779; In re Ginsburg (D. C.) 12 Am. Bankr. Rep. 459, 130 Fed. 627. The specification charging concealment of assets must contain the allegation that the acts were done knowingly and fraudulently. In re Pierce (D. C.) 4 Am. Bankr. Rep. 554, 103 Fed. 64; In re Hirsch, supra. "The doing of the acts 'knowingly and fraudulently' is essential." In re Taplin (D. C.) 14 Am. Bankr. Rep. 360, 135 Fed. 861; Collier's Bkcy. p. 177, 178.

Tested by the rules announced in the foregoing authorities, the allegations of the petition in this case are generally insufficient, in that it alleges several grounds for vacating the discharge that are not provided for or enumerated in the bankrupt act as grounds of objection to a discharge and for revoking or vacating a discharge; that it fails to allege the concealment or withholding of books was with the fraudulent intent to conceal the bankrupt's true financial condition, from which books his condition might have been ascertained; that it fails to allege that the withholding or concealment of property, assets, etc., from his schedule, and from his trustee, was knowingly and fraudulently done; that the real estate in some instances is not sufficiently described; that the allegations as to misrepresentations in regard to the homesteads are no grounds of objection to a discharge, and, if they were, that it is not alleged they were made fraudulently and knowingly, and, furthermore, that the petitioners had the right to object to the allowance of such homestead claims and to except to the trustee's action in reference to the same. If the acts of fraud complained of were committed, and were such as to sustain the petition, if properly alleged and proved, and the knowledge of such acts did not come to the petitioners until after the discharge was granted in this case, then my opinion is that the petitioners were not guilty of laches. The petition alleges that said acts of alleged fraud were not known to petitioners until after the discharge, and they had no opportunity before that time to interpose the same in opposition to the discharge, as alleged, and there was no laches.

Demurrers are sustained to the petition, and petitioners have leave to amend as they may be advised.