---

## In re WOOD.

(District Court, D. New Hampshire. September 12, 1922.)

### No. 2628.

1. **Bankruptcy ⬦413(6)—Verification of objections to discharge may be supplied by amendment.**

   If verification of objections to a bankrupt's discharge is required, it is so far a matter of form that on application it may be supplied by amendment.

2. **Bankruptcy ⬦405—Persons whose claims are scheduled entitled prima facie to object to discharge, though claims not proved.**

   That the claims of persons objecting to a bankrupt's discharge are listed in the schedule of debts filed by the bankrupt constitutes prima facie evidence that they are creditors, and entitled to oppose the granting of the discharge, though they have made no formal proof of their claims.

3. **Bankruptcy ⬦421(1)—Provable claims duly scheduled discharged, whether proved or not.**

   Where a provable claim against a bankrupt is duly scheduled, it is included in the discharge, whether the creditor proves it or not.

4. **Bankruptcy ⬦413(4)—Objections to discharge, not stating facts as to obtaining credit by misrepresentations, etc., insufficient.**

   Objections to a bankrupt's discharge, alleging that he obtained credit by misrepresentations, obtained goods, moneys, and credits by fraudulent and unlawful means, and willfully removed and concealed property with intent to hinder, delay, and defraud creditors, but not stating what misrepresentations were made, or to whom, or what goods and credits were obtained, or from whom, or by what fraudulent means, or what property was transferred, or when or to whom, are insufficient, within Bankruptcy Act, § 14b, subds. 3 and 4 (Comp. St. § 9598).

5. **Bankruptcy ⬦413(3)—Objections to discharge must include statement of facts sufficient to point out exact charge and show that it is within statute.**

   Objections to bankrupt's discharge must not only be stated in the general words of the statute, or their equivalent, but must also state facts sufficient to point out the exact charge against the bankrupt, and show that the act charged is clearly within the statute.

6. **Bankruptcy ⬦413(4)—Objections to discharge must allege that misrepresentations to obtain credit were in writing.**

   An objection to a bankrupt's discharge on the ground that he obtained money or property on credit on a materially false statement in writing, within Bankruptcy Act, § 14b(3), being Comp. St. § 9598, must allege that the false representations were in writing.

7. **Bankruptcy ⬦407(3)—Giving of preference not ground for denying discharge.**

   The giving of preferences by a bankrupt is not a sufficient ground for denying a discharge.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. **Bankruptcy** ⊚⟹407(5)—**Conversion of goods obtained on consignment not ground for denying discharge.**

A bankrupt's conversion to his own use of goods received by him on consignment for sale on commission is not a ground for the refusal of a discharge.

9. **Bankruptcy** ⊚⟹140(3)—**Goods held by bankrupt on consignment do not pass to trustee, but belong to consignor.**

Goods held by a bankrupt on consignment belonged to the consignors. and the general creditors had no interest therein, and title did not pass to the trustee.

10. **Bankruptcy** ⊚⟹140(3)—**When proceeds of goods delivered to bankrupt on consignment cannot be traced, consignors are general creditors.**

Where goods delivered to a bankrupt on consignment have been sold, and the proceeds so intermingled with the bankrupt's general funds that they cannot be traced, the consignors have no remedy against the bankrupt's estate, except that given creditors in general.

In Bankruptcy. In the matter of Arthur Ernest Wood, bankrupt. On objections to discharge. Objections adjudged insufficient, and bankrupt discharged.

Fred S. Wright, of Woodsville, N. H., for bankrupt.

Oscar L. Young, of Laconia, N. H., for objecting creditors.

MORRIS, District Judge. The questions for determination arise on the sufficiency of the objections to the bankrupt's discharge. The objections are stated as follows:

"In the Matter of A. Ernest Wood, Bankrupt.

"It appearing in the above-entitled matter that the said A. Ernest Wood is a voluntary bankrupt, and has applied to said court for a discharge in bankruptcy, now come Eugene H. Parsons and Isaac Sakansky, both of Laconia, in the county of Belknap in said district of New Hampshire, and respectfully represent.

"(1) That they are creditors of the said bankrupt, but have never proved their claims in bankruptcy, for the reason that said claims are for credits extended to the said bankrupt upon misrepresentations made by him.

"(2) That said bankrupt has, prior to the beginning of the above-named bankruptcy proceedings, and since their pendency, continuously and persistently obtained goods, moneys, and credits by fraudulent unlawful means.

"(3) That within the four months immediately preceding the filing of his petition to be adjudged.a bankrupt he willfully removed and concealed property with intent to hinder, delay, and defraud his creditors.

"(4) That the said Wood has, both before and during pendency of the bankruptcy proceedings, preferred creditors by paying them on account of their claims, to the disadvantage and detriment of other creditors.

"(5) That in particular with respect to the claims of the said Parsons and Sakansky the said Wood obtained from them the possession of a large amount of goods upon consignment, which he was to sell and return the money to them, receiving commission for his labor, but which said goods in truth and in fact he converted to his own use and benefit, without accounting to them, and a part of said goods he sequestered and concealed, and, although many times requested, he has refused to return them or disclose their location.

"Wherefore, the said Parsons and Sakansky respectively pray that the court will decline to grant a discharge in bankruptcy, either as against his debts generally, and in particular with respect to his indebtedness to them.

"Dated at Laconia this 21st day of March, 1922.

"Eugene H. Parsons,

"Isaac Sakansky,

"By Oscar L. Young, Their Attorney."

⊚⟹For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

In answer to .the foregoing objections, the bankrupt, through his attorney, filed the following:

"The said bankrupt, by his attorney, Fred S. Wright, comes and says in relation to the specification of objections to his petition for discharge filed by Eugene H. Parsons and Isaac Sakansky as follows:.

"That denying and in no wise admitting the truth of the allegations contained in the said specifications, the same in manner and form as pleaded contain no lawful reason or excuse why the said bankrupt should not be granted his petition for discharge.

"That the said Eugene H. Parsons and Isaac Sakansky are without standing in this court to object to said discharge, they being by their own representations, as alleged in said specification, creditors having provable ·claims against the estate of said bankrupt which they have neglected to prove within the period allowed by the Bankruptcy Law.

"And this he prays may be considered by the court and his discharge be granted.

"Arthur Ernest Wood, Sometimes Called A. Ernest Wood,
"By His Attorney, Fred S. Wright."

The objections are not verified by the oath of either creditor; but, as the bankrupt has not raised any question as to the effect of the want of verification, no opinion is expressed as to its necessity. See Bankruptcy Act, § 18c (Comp. St. § 9602); In re Gift (D. C.) 130 Fed. 230; In re Glass (D. C.) 119 Fed. 509.

[1] If verification is required, it is so far a matter of form that, · upon application, it may be supplied by amendment.

In their first ground of objection, the objectors allege that they are creditors of the bankrupt, but that they have not proved their claims, because they were induced to extend credit to the bankrupt by reason of his misrepresentations.

Counsel for the bankrupt takes the position that, if the creditors' claims are founded on misrepresentations of the bankrupt, they will not be discharged by the bankruptcy proceeding, and the creditors cannot be heard in opposition to the bankrupt's discharge.

[2] An examination of the schedule of debts filed by the bankrupt shows that the objectors' claims are listed therein. That fact constitutes prima facie evidence that they are creditors, and are entitled to oppose the granting of the bankrupt's discharge, even though they have made no formal proof of their claims. Haley v. Pope, 206 Fed. 268, 124 C. C. A. 330; In re Barrager (D. C.) 191 Fed. 247; In re Nathanson (D. C.) 155 Fed. 648; In re Frice (D. C.) 96 Fed. 611.

[3] Where a provable claim against a· bankrupt is duly scheduled, it is included in his discharge, whether the creditor proves it or not. In re Kuffler (D. C.) 153 Fed. 667.

It is held in In re Servis (D. C.) 140 Fed. 222, that the specifications of objection to a bankrupt's discharge should distinctly allege facts showing that the party filing the specifications will be affected by the discharge, and is therefore interested in defeating the same.

In the present case the objectors allege that they are creditors, and the bankrupt has scheduled them as such. It does not conclusively appear in the specification of objections that they have not provable claims that will be barred by the bankrupt's discharge. Prima facie they are entitled to be heard, if their specifications are otherwise sufficient.

[4, 5] We presume that it was the intention of· the objectors to bring their objection within the provision of Bankruptcy Act, § 14b (3), being Comp. St. § 9598, which provides that the bankrupt shall not be discharged if he has—

"obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

But, if such was the intention, the allegations of objection No. 1 are insufficient. Objections to the bankrupt's discharge must not only be stated in the general words of the statute, or their equivalent, but must also include a statement of facts sufficient to point out the exact charge against the bankrupt, and to show that the act charged against him is clearly within the class defined by the general language of the statute. In re Peck (D. C.) 120 Fed. 972; In re Hixon (D. C.) 93 Fed. 440.

Allegation No. 1 fails to state what misrepresentations were made, or to whom they were made, and in this respect does not satisfy the provision of the rule as above stated.

[6] Objection No. 1 is fatally defective in another particular. It is not alleged that the false representations were made by the bankrupt "in writing." This is essential to bring the objection within the provisions of Bankruptcy Act, § 14b (3), being Comp. St. § 9598. In re Lewis (D. C.) 163 Fed. 137; In re Levey (D. C.) 133 Fed. 572.

Allegation No. 2 is similar to No. 1. It charges the bankrupt with obtaining goods and credits by fraudulent and unlawful means, both before and since the filing of the petition in bankruptcy; but it fails to disclose what goods and credits the bankrupt has obtained, of whom they were obtained, or what fraudulent means were used to obtain them. For the reasons set forth under paragraph 1, paragraph 2 is insufficient.

Objection No. 3 charges that the bankrupt has willfully removed and concealed property with intent to hinder, delay, and defraud his creditors. This was evidently intended to bring the case within the provisions of Bankruptcy Act, § 14b (4), being Comp. St. § 9598. The charge is very nearly in the language of the statute. The allegation is too general. It should be followed by a statement of facts showing what property has been transferred, the date of transfer, and, if possible, to whom it has been transferred, and such other facts as will inform the bankrupt and the court of the issues to be tried. In re Agnew (D. C.) 225 Fed. 650; In re Parish (D. C.) 122 Fed. 553; In re Hixon (D. C.) 93 Fed. 440.

[7] Objection No. 4 alleges that the bankrupt, both before and during the pendency of the bankruptcy proceedings, has preferred creditors by paying them sums on account of their claims. Even if this allegation were proved, it is not a sufficient ground for denying the bankrupt's discharge within the provisions of Bankruptcy Act, § 14. A preferential transfer is not mentioned as a ground for denying the bankrupt's discharge.

[8-10] Objection No. 5 charges that the bankrupt obtained from the creditors goods upon consignment, which he was to sell, saving

only a commission for his labor; that he has converted some of the goods to his own use, without accounting for them, has concealed others, and refuses to disclose their location.

Assuming that all the allegations of No. 5 are true, they do not furnish adequate grounds for refusing the bankrupt's discharge. If the goods were held by the bankrupt on consignment, they belonged to the objecting creditors, and title to them did not pass from the bankrupt to his trustee. The general creditors have no interest in such goods or in their proceeds. In re Lenweaver (D. C.) 226 Fed. 987.

If the proceeds of such of the goods so held as have been sold have become intermingled with the general funds of the bankrupt, so that they cannot be traced, the objectors have no remedy against the bankrupt's estate for the recovery of such proceeds, except the remedy given to the creditors in general. National City Bank v. Hotchkiss, 231 U. S. 50, 34 Sup. Ct. 20, 58 L. Ed. 115.

It follows that the objections must be adjudged insufficient and the bankrupt discharged.