### In re CHURCHILL.

(District Court, E. D. Wisconsin. May 29, 1912.)

BANKRUPTCY (§ 413*)—DISCHARGE—RIGHT OF TRUSTEE TO OPPOSE—CONSTRUCTION OF STATUTE.

Under Bankruptcy Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496), which provides that a trustee may appear and interpose objections to the bankrupt's discharge if he "shall be authorized to do so at a meeting of the creditors called for that purpose," where such authority has been given, neither the referee nor court has power to withhold such right or to prescribe as conditions to its exercise that no expense shall be imposed on the estate thereby or that it shall not delay settlement of the estate beyond a stated time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712, 718, 725, 727; Dec. Dig. § 413.*]

In the matter of Charles Churchill, bankrupt. On review of order of referee. Reversed.

E. E. & E. L. Browne, of Waupaca, Wis., for trustee.

GEIGER, District Judge. The bankrupt having filed his petition for discharge from his debts, certain creditors filed specifications in opposition thereto. At or about the same time, a creditors' meeting was called, and by a vote of a majority in number and amount of claims filed and allowed, authorized the trustee herein to oppose such discharge. Thereupon the referee took under advisement the matter of such vote, and made an order authorizing the trustee "to oppose the discharge, but only on condition that no cost or charges for the expense which should be incurred by such opposition to such discharge should be claimed or allowed against said bankrupt's estate, and further that the making of such order (authorizing the trustee as aforesaid) should not extend the time for closing said estate for more than sixty days from the date thereof." The trustee and creditors ask for a review of the order of the referee imposing the above-stated conditions.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 14b of the Bankruptcy Act, relating to discharge of bankrupts, reads as follows:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the *trustee or* other parties in interest, at such time as will give the *trustee or* parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he is [here are enumerated grounds for opposing a discharge]: *Provided that a trustee shall not interpose objections to a·bankrupt's discharge until he shall be authorized to do so at a meeting of the creditors called for that purpose.*"

The italicized portions above quoted were incorporated as amendments by section 6 of chapter 412, U. S. Stats. at Large, 36, June 25, 1910. Prior to this, opposition to the discharge of a bankrupt could be made only by "parties in interest"; and the text-writers have quite uniformly conceived these terms to include none others than those having a *pecuniary* interest. Hence it was generally assumed that a trustee could not oppose the discharge, because he could hardly be said to have a pecuniary interest which could be affected thereby. It was held, however, in Re Levey (D. C.) 133 Fed. 572, that a trustee is a party in interest, and as such could file and prosecute specifications of objection to a bankrupt's discharge. But whether or not this ruling was correct, the amendment above stated must be accepted as definitely settling any doubts and fully determining the right of a trustee. Its terms are such as would negative considering the trustee as a party in interest. The question before us requires merely a consideration of the effect of this amendment with respect to the right granted, or any restrictions upon a right which previously existed.

In my judgment the effect of the act is to grant to the trustee the right to oppose a discharge, provided only the creditors, at a meeting called for that purpose, shall first authorize him to do so. The act gives to creditors the privilege of determining whether such right be granted to the trustee; but, having determined to authorize him, his right to exercise, and the extent of, such authority is based upon the statute. The action of the creditors is merely a prerequisite. In other words, the action of the creditors, when taken, serves to put him in the same position and to exercise the rights which "parties in interest" may exercise as a matter of course and without precedent authorization from any one. From this it must follow that, when the creditors take such step, the trustee can exercise his authority by presenting "proofs and pleas," and that he must, under the statute, be given "a reasonable opportunity to be fully heard." Whether a trustee, being authorized as contemplated by the statute, is in duty bound to exercise such authority, may be open to question, and is not necessary to be decided at this time. But the right to exercise the authority, having been granted or perfected as contemplated by the statute, is no more subject to denial by the court than is the same right residing in "parties in interest." By committing to the creditors' meeting the privilege of determining whether the trustee shall have and exercise such right, the law, it seems to me, denies to the

referee, or to the court, any discretion to withhold such right and the power of its exercise from the trustee. It must also follow from this that neither the court nor the referee can, in advance, annex to the trustee's right conditions which are repugnant to its free, or at least its reasonable, exercise.

Therefore the conditions denying to the trustee reimbursement for his costs and reasonable expenses in exercising his authority should not have been imposed.

What is above stated is true of the condition that the order granting to the trustee authority to oppose the discharge shall not delay the final settlement of the estate more than 60 days. The trustee, if he participate in the proceedings to oppose the discharge, must do so according to the usual course and subject to any reasonable delays that may occur. The expedition of the proceedings is not within his sole control or discretion. All he can do is to proceed with reasonable diligence, and, if he be limited in advance as to time, compliance with such conditions might frustrate the object sought to be accomplished by the authority granted him.

Under the terms of section 14, the right of the trustee would seem to depend solely upon the action of the creditors' meeting, and no further order of the court or of the referee is contemplated. It may be, as suggested by the referee, that the statute opens the way for expensive and burdensome litigation, authorized perhaps by a majority against the objections of a minority of creditors. These considerations, however, bear upon the wisdom of the act, and are not sufficient to give it a construction through which the action of the creditors in meeting is to be deemed merely advisory upon the court. If a majority of the creditors, as parties in interest, desire to oppose a discharge, they may, as the law now stands, in a meeting called for that purpose, and in order to avoid a multiplicity of proceedings by individuals, delegate to the trustee the exercise of their right. They must necessarily contemplate, no doubt desire, that the burdens of the contest, when made by him, fall upon the bankrupt estate. A sufficient safeguard against useless litigation by the trustee will, of course, be found upon his application for allowance of the costs and charges claimed to have been incurred in opposing the discharge.

It follows that the order of the referee annexing conditions to the right of the trustee to oppose the discharge is reversed.