## In re RUHLMAN et al.

(Circuit Court of Appeals, Second Circuit.   January 18, 1922.)

### No. 70.

1. **Bankruptcy ☞413(½)—Creditors have power to determine whether trustee shall oppose discharge.**

Under Bankruptcy Act, § 14b (Comp. St. § 9598), creditors have the sole power to determine whether the trustee shall oppose the bankrupt's discharge; but, when authority is granted to the trustee, he is in the same position and may exercise the same rights as parties in interest.

2. **Bankruptcy ☞405—Objections to discharge may be filed by any one pecuniarily interested.**

Specifications in objection to a bankrupt's discharge may be filed by any person having a pecuniary interest in resisting the discharge, though he has not proven a debt, or his debt is no longer provable.

3. **Bankruptcy ☞413(½)—Only creditors present or represented may vote on question of opposing discharge.**

At a creditors' meeting to authorize the trustee to oppose the bankrupt's discharge, only such creditors as are personally present, or represented by proxy or an agent, where a power of attorney has been properly executed and filed, may vote.

4. **Bankruptcy ☞413(3)—Objections to discharge must be in writing and show ground for denying discharge.**

Specifications of objections to a bankrupt's discharge should be in writing, and contain allegations sufficient to show that all the essential facts exist, bringing the opposition within the statutory grounds, and if they fail to allege any fact which by any construction could be deemed ground for denying a discharge, they will be disregarded, though not excepted to.

5. **Bankruptcy ☞411—Petitioners for discharge must show freedom from laches.**

Bankrupts petitioning for their discharge must aver in their application the facts showing their freedom from laches.

6. **Bankruptcy ☞413(½)—Creditors may be allowed to enforce abandoned objections to discharge.**

Creditors may be allowed, in the discretion of the court, to enforce objections to a bankrupt's discharge filed and abandoned by other creditors.

7. **Bankruptcy ☞413(½)—Trustee's authority to oppose discharge may be revoked.**

Creditors having the right, under Bankruptcy Act, § 14b (Comp. St. § 9598), to direct a trustee in bankruptcy to oppose a discharge, have the right to revoke such authority, and where all creditors represented at a creditors' meeting voted to revoke the trustee's authority, the referee could take no other course than to enter an order revoking such authority.

8. **Bankruptcy ☞413(½)—Creditor's failure to object at creditors' meeting held an acquiescence.**

Where a creditor was present, but unable to vote at a meeting at which the trustee's authority to oppose a discharge was revoked, because his attorney had not produced and filed his power of attorney, his silence and failure to except to the vote of revocation might well be considered as an acquiescence.

9. **Bankruptcy ☞405—Creditor entitled to oppose discharge after trustee's authority revoked.**

Where the authority of a trustee in bankruptcy to oppose a discharge was revoked by a creditors' meeting, an individual creditor might have filed specifications of objections before the discharge, or might have asked to have his default set aside and time granted to file specifications.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

10. Bankruptcy &=>415(½)—Creditor entitled, until affidavit of regularity filed, to apply for stay of discharge proceedings.

A bankrupt's discharge did not become effective until the filing of an affidavit of regularity, and until that time a creditor could have been heard on an application for a stay of the discharge proceedings until his specifications in opposition were presented.

11. Bankruptcy &=>405—Authority of trustee to oppose discharge does not affect creditors' right.

Though Bankruptcy Act, § 14b (Comp. St. § 9598), provides that the trustee may be authorized by creditors to object to a discharge, the granting of such authority does not take from any other creditor the right which he had to oppose the discharge independently.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Frank J. Ruhlman and another, individually and as members of P. Ruhlman & Co., bankrupts. The petition of Charles C. Chapman for reversal of a decree of an order of the referee was denied, and he brings a petition to revise. Affirmed.

David W. Kahn, of New York City, for revising petitioner.

Frank H. Reuman, of New York City (Charles H. Fuller, of New York City, of counsel), for bankrupts.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. Frank J. Ruhlman and George M. Rafter were adjudicated bankrupts. The petitioner is a creditor of the bankrupts, and is a very substantial claimant. Frank J. Ruhlman, one of the bankrupts, filed his application for a discharge in bankruptcy. Thereafter a meeting of creditors was called to consider whether the trustee should oppose this application. At this meeting, it was voted unanimously, by creditors who filed their appearances and attended the meeting, that the trustee be authorized to oppose the application. An order was duly entered by the referee in bankruptcy granting such authority. Thereafter, acting pursuant to such authority granted, the trustee filed a notice of appearance and opposed the bankrupt's application. While such application for discharge was pending and undetermined, another meeting of creditors was called by the referee, and the creditors revoked the authority previously granted to the trustee. This petitioner failed to file the power of attorney held by him in connection with his claim, and he was unable to vote in opposition to the plan to revoke the trustee's authority. On February 4, 1921, an order was made by the referee revoking the trustee's authority. This the petitioner sought to review before the District Judge. It resulted in an order being entered on May 25, 1921, denying the petitioner's application to reverse the referee. It is this order the petitioner now seeks to have revised.

[1-3] Creditors have the sole power to determine whether wisdom dictates expending money opposing the bankrupt's discharge. Once authority is granted to the creditors' representative—the trustee—may not such authority be revoked? When authority is granted, the trustee is put in the same position and may exercise the rights which "parties

&=>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in interest" may exercise as a matter of course and without precedent authorization from any one. In re Churchill (D. C.) 197 Fed. 114. By section 14b of the Bankruptcy Act (Comp. St. § 9598), a trustee may not interpose objections to the bankrupt's discharge until he is authorized to do so by a meeting of the creditors called for that purpose. Specifications may be filed by any person having a pecuniary interest in resisting the discharge of the bankrupt, even though such person has not proven a debt or his debt is no longer provable. Haley v. Pope, 206 Fed. 266, 124 C. C. A. 330; Matter of Bimberg (D. C.) 121 Fed. 942. At such a meeting only such creditors who are personally present or represented by proxy, or by an agent, where a power of attorney properly executed has been filed with the referee, may vote. In re Capitol Trading Co. (D. C.) 229 Fed. 806; In re Henschel, 113 Fed. 443, 51 C. C. A. 277; In re Eagles (D. C.) 99 Fed. 695.

[4-6] Specifications should be in writing, and contain allegations sufficient to show that all the essential facts exist, bringing the opposition within the grounds specified by the statute. If they fail to allege any fact which, by any construction, could be deemed ground for denying a discharge, they will be disregarded, although not excepted to. It is necessary for petitioners to aver in their application for discharge the facts showing their freedom from laches. In re Hirsch (D. C.) 96 Fed. 468; In re Wetmore (D. C.) 99 Fed. 703. Creditors may be allowed, in the discretion of the court, to enforce objections filed and abandoned by other creditors. In re Houghton, Fed. Cas. No. 6,730.

[7, 8] At the second meeting held on January 27, 1921, all the creditors who attended this meeting in person or by proxy, and who were entitled to vote, voted in favor of the resolution to revoke the authority of the trustee to oppose the discharge. The creditors having the right, under the statute, to direct the trustee to oppose a discharge, likewise have the right to revoke such authority. This petitioner was unable to vote, because his attorney did not produce and file his power of attorney. He remained silent, and took no exception to the vote of revocation. His silence may well be considered as an acquiescence. The referee before whom the meeting was held could take no other course after the vote of revocation. The order of the referee revoking such authority was in accordance with the creditors' instructions.

[9, 10] If the petitioner felt there was just cause for objecting to the bankrupt's discharge, the petitioner had ample opportunity to oppose such discharge by filing his specifications as a creditor. This could have been done before the discharge, or the petitioner might have come into court and asked to have his default set aside and time granted to file specifications. Between the date when leave was originally granted to the trustee to oppose the discharge, to wit, September 8, 1920, and the date when the second meeting was held on January 27, 1921, was ample for the preparation of specifications and the filing of the same. Indeed, the discharge did not become effective until the filing of the affidavit of regularity on February 23d. Up to this time, he could have been heard on an application for a stay of the discharge proceedings until his specifications were presented.

[11] There is no provision in the Bankruptcy Act which makes the trustee the sole representative of all the creditors for the purpose of

filing specifications, and opposing a discharge when he is authorized so to do by the vote of the creditors. The act provides that the trustee may be authorized by the creditors to interpose an objection. He acts only upon the authority thus conferred. Granting such authority does not take away from any other creditor the right which each has to oppose the discharge independently.

The order below is affirmed.