## In re SCHEFFLER.
### No. 144.

Circuit Court of Appeals, Second Circuit.
Jan. 8, 1934.

903

MANTON, Circuit Judge.

The bankrupt was adjudged such on a petition filed April 11, 1932, and a trustee was appointed May 5, 1932. The only creditor listed was the appellee claiming a judgment obtained in the city court of Buffalo on a promissory note dated June 4, 1930. The complaint in that suit contained allegations of fraud and misrepresentation. Without further notice and after the judgment was entered on November 27, 1931, the city court judge on December 30, 1931, inserted below the judgment: "I find that the incidental allegations of fraud are sustained and that the plaintiff is entitled to a body execution." The right to a body execution provided by the state law of New York is found in section 826 of the Civil Practice Act. This notation on the judgment was later stricken from the record on an appeal taken to the Supreme Court of the state. Discharge in bankruptcy was applied for November 28, 1932, and was later denied, the court below holding that the judgment was based upon fraud and misrepresentation and was not dischargeable in bankruptcy and that the bankrupt was not entitled to a discharge.

The note was given as part of the purchase price for a motorcar supposed to have been purchased by an automobile dealer. But the note and a conditional sale contract were signed by the appellant; the motorcar was never delivered to him. It was claimed that the appellant received letters from time to time asking for payment and that he turned the letters over to the dealer. When default occurred, the suit on the note was instituted.

The discharge was denied because of the claim that the bankrupt had obtained property by a false statement within section 14b of the Bankruptcy Act (11 USCA § 32 (b). No specifications of objections to the discharge were filed as required. In re Ruhlman, 279 F. 250 (C. C. A. 2). Specifications of objections to a discharge may be filed by a creditor. It is a pleading and the allegations must be distinct and specific and be set forth with exactness. Since the offense charged is one included within section 14b of the Bankruptcy Act, the bankrupt should be advised of the acts charged which bring him within the inhibition of the statute in so far as his discharge is concerned. Troeder v. Lorsch, 150 F. 710 (C. C. A. 1); In re Brown, 112 F. 49 (C. C. A. 5); In re Adams (D. C.) 104 F. 72; In re Quackenbush (D. C.) 102 F. 282. Indeed, objections which are not specified will not be considered. In re Ruhlman, 279

Levant D. Lester, of Lancaster, N. Y., for appellant.

Kennedy & Chamberlin, of Buffalo, N. Y., for respondent Metropolitan Commercial Corporation.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

F. 250 (C. C. A. 2); In re Adams (D. C.) 104 F. 72.

The ground suggested for the denial of a discharge here is the obtaining of property upon a false statement. Such a statement must concern the financial condition of the bankrupt. In the words of the statute, Bankr. Act, § 14b (3), 11 USCA § 32 (b) (3), the bankrupt is discharged unless he has "(3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition * * *." It is not claimed that any such statement was ever made. The discharge should have been granted on this record and the district court is directed to do so.

Appellant also appealed from that part of the order denying a stay of the state court garnishment proceeding pending discharge. This is a different question from that of the appellant's right to a discharge under section 14b which we have just decided for appellant. Where a stay pending discharge is sought under section 11, of the act (11 USCA § 29) the bankruptcy court considers whether the debt is dischargeable under section 17 (11 USCA § 35). In re Byrne, 296 F. 98 (C. C. A. 2); In re Adler, 144 F. 659 (C. C. A. 2). But such a stay is not granted after discharge, and since the appellant will be discharged, the appeal from this part of the order properly may be dismissed. The correct procedure is to interpose the discharge as a defense in the state proceeding. In re Havens, 272 F. 975 (C. C. A. 2).

Order reversed.