## In re KARP.
No. 15805.

District Court, D. Connecticut.
June 5, 1935.

Wexler & Wexler, of Stamford, Conn. (George E. Wexler, of Stamford, Conn., of counsel), for bankrupt.

Sydney C. Kweskin and John M. Comley, both of Stamford, Conn., for objecting creditors.

HINCKS, District Judge.

On the day (apparently in March, 1935) on which creditors were noticed to show cause why the bankrupt's application for discharge should not be granted, certain creditors appeared and noted opposition to the discharge in a writing wherein the "specifications" were as follows:

"1. He has failed to explain satisfactorily certain losses of assets or deficiency of assets to meet his liabilities.

"2. He has subsequently to the first day of the twelve months immediately preceding the filing of the petition transferred, removed, destroyed or concealed or permitted to be removed, destroyed or concealed some of his property with intent to hinder, and delay or defraud his creditors.

"3. Bankrupt committed offenses, punishable under Section 29 of the United States Bankruptcy Act [11 USCA § 52].

"4. Bankrupt destroyed, mutilated, falsified, concealed or failed to keep books of account or records from which his financial condition and business transactions might be ascertained."

Thereupon the hearing on the application for discharge was continued by the special master, for reasons not appearing in so much, at least, of the record which is before me.

The objecting creditors now, by motion filed May 27, 1935, seek leave to amend the specifications quoted above. Nothing appears of record to indicate why the substance of the proposed amendments could not, with due diligence on the part of the objecting creditors, have been included in the original specifications of objections. The motion for leave thus to amend is vigorously opposed by the bankrupt.

There can be no doubt, I think, that under General Order 37 (11 USCA following section 53) the power of the judge in bankruptcy over pleadings extends to the amendment of pleadings. But it is also clear that the power of the judge over specifications of objection to an application for discharge is more limited by the 1933 amendment (effective April 24, 1933) of General Order 32 (11 USCA following section 53) than is his power over pleadings generally. For, in order that a bankrupt after the return day of the show-cause or-

der on his application for discharge may be free from the possibility of pressure from a creditor seeking favored treatment under threat of blocking the discharge, Lerner v. First Wisconsin National Bank, 294 U. S. 116, 55 S. Ct. 360, 79 L. Ed. ——, General Order 32 in 1933 was amended to preclude the filing of specifications of objection after the return day.

 It does not follow, however, that General Order 32, as amended, wholly precludes the judge from allowing amendments to specifications of objection after the return day. To be sure, when timely specifications are filed, the bankrupt is entitled to a prompt hearing thereon. If, however, the bankrupt considers that the specifications filed are insufficient in law or in fact, he may demur or except thereto, and seek a dismissal of the specifications or, in the alternative, a better statement of the grounds relied upon. On such an application, the judge at the earliest opportunity will hear the matter, and, if the application has merit, apply the proper remedy. If the proper remedy is not a dismissal of the specifications, but an order requiring their more particular statement, it can scarcely be doubted, especially in view of the closing observations in the Lerner opinion, that under General Order 37 he has power to order the specifications to be amended, notwithstanding the fact that the time limited in General Order 32, as amended, for filing specifications, has expired. To be sure, in such a situation, the judge will be alert to prevent the frustration of the spirit of General Order 32. If he feels that the original specifications were so wholly lacking in particularity as to warrant the inference that they were filed merely as a stopgap to prevent the running of the time limited in General Order 32, instead of ordering an amendment of the specifications, he will order them dismissed. If, however, the judge finds that an amendment is in order, the time for filing the same will be strictly limited. In such case the inference is required that the objecting creditor, even on the return day, had all the necessary information to file perfect specifications. He will, accordingly, be allowed for filing his amendment only the day or two necessary to draft the same. Under these limitations an alert bankrupt is assured of all the rights to which he is entitled under the act and General Orders.

 If, however, the bankrupt neglects to demur or to except because of the insufficiency or generality of the specifications, his failure to avail himself of the rights thus within his reach cannot operate to deprive the court of its inherent power with respect to amendments. In such a case good practice would require the master to call the deficiency of the specifications to the attention of the parties. If a curative amendment is agreed upon, the matter is then ready for hearing forthwith. If, however, the parties cannot agree upon a proper amendment, one party or the other, by appropriate motion, may bring the matter before the judge. And, if neither party takes the initiative, the master should report to the judge that the issues in the matter referred to him are not properly framed for a hearing. For I apprehend that, in the absence of agreement by the parties, a master is without power categorically to require amendments or better statements of the specifications. Consequently, rather than to embark upon a hearing on issues imperfectly defined, he should bring the situation to the attention of the judge.

 If, however, notwithstanding the imperfection of the specifications, the bankrupt is quiescent until the question of an amendment arises, and the objecting creditor moves for leave to amend, the power of the court with respect to the proposed amendment necessarily is the same as in cases in which the bankrupt himself attacks the specifications, and the proposed amendment will be allowed, when proper, subject to the limitations enunciated above.

 Applying these principles to the pending motion, it is at once obvious that specifications 1, 2, and 3 are wholly lacking in the requisite particularity. In re Scheffler (C. C. A.) 68 F.(2d) 902. To allow such specifications to be cured by amendment subsequent to the return day would tend to frustrate General Order 32, as amended. But specification 4, in so far as it alleges a failure "to keep books of account or records from which his financial condition and business transactions might be ascertained," is sufficiently specific to stand without amendment. In re Feuer (C. C. A.) 4 F.(2d) 892. But, in so far as specification 4 and proposed amendments 12 to 19 allege a destruction or concealment of books, they are lacking in the requisite particularity. In re Feuer, supra. To allow further amendment to supply this partial insufficiency would be inconsistent with General Order 32.

Accordingly, the motion for leave to amend is wholly denied (1) with the observation that under the Feuer Case specification 4, in so far as it alleges that "bankrupt * * * failed to keep books of account or records from which his financial condition and business transactions might be. ascertained," sufficiently states a valid specification of objection; and (2) with the ruling that the remainder of specification 4, as well as specifications 1, 2, and 3, are dismissed.