## In re GOLDSTEIN.

District Court, S. D. New York.
Aug. 17, 1937.

See, also, Northeastern Real Estate Securities Corp. v. Goldstein, 91 F.(2d) 942.

Frank, Weil & Strouse, of New York City (David W. Kahn, of New York City, of counsel), for bankrupt.

David Haar, of New York City, for objecting creditor.

LEIBELL, District Judge.

At the hearings held before the referee on specifications of objections to the bankrupt's discharge, exception was taken to the relevancy of certain evidence offered by the objecting creditor. The referee sustained the objection to the admission of the evidence. Thereupon, the creditor moved to amend specification 3, so as to lay a foundation for the proof offered.

The report of the referee states, "The Referee reserved decision and at the continued hearing on June 22, 1937 denied the motion of the objecting creditor for leave to amend on the ground of lack of power in the Referee and not as a matter of discretion."

The creditor attempted to offer the same evidence under the fourth specification, which reads as follows:

"IV. He has failed to explain satisfactorily loss of his assets, or the deficiency of his assets to meet his liabilities."

The referee held that this specification "failed to allege facts sufficient to constitute a ground for denial of the discharge of the bankrupt and that in pleading subdivision (7), § 14b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32 (b) (7), the objecting creditor should plead facts and may not simply plead the subdivision in the language of the statute." Exceptions were taken to the rulings of the referee.

The referee has certified to this court the following questions:

"1. Has the Referee power to amend specifications of objection?

"2. Does specification 4 of the amended specifications set forth facts sufficient to constitute a ground for the denial of a discharge to the bankrupt?"

1. The first question is a narrow one. It is solely concerned with the "power" of the referee. The referee has said (Minutes page 96):

"The Referee: I have decided since reading the memoranda of counsel, and after other investigation of the law, that on the application of the attorney for the objecting creditor for leave to amend Specification 3, as found on page 91, on which I reserved decision, to deny the application for leave to amend such specification on the ground that I lack the power so to do,—solely on that ground and not as a matter of discretion. I do not pass upon the application either to permit the amendment, or to deny the amendment as a matter of discretion."

I am of the opinion that the referee has the power to pass upon the creditor's motion for leave to amend his specifications. In re Weston (C.C.A.) 206 F. 281, 282; In re Schwartz (D.C.) 16 F.Supp. 993, 997.

The referee in passing upon the application to amend the specification will, of course, observe the applicable principles as they are laid down by the Circuit Court of Appeals in this very case, in a Per Curiam opinion, dated July 19, 1937 [Northeastern Real Estate Securities Corp. v. Goldstein, 91 F.(2d) 942], and distinguish between amendments as such to an existing specification and additional specifications. As stated in the Per Curiam opinion:

"Whatever may have been the law, certainly if the power is limited to amendments properly speaking, a new objection is not an amendment merely because it is of the same class as those originally pleaded. Here, for example, the new specifications are none the less additional objections, because they are all either perjuries—'offenses' (Bankr.Act, § 14b subd. (1), as amended, 11 U.S.C.A. § 32 (b) (1)—or fraudulent transfers (subdivision (4), as amended, 11 U.S.C.A. § 32 (b) (4), both of which the first specifications had included."

Amendments that are in fact new or additional specifications cannot be permitted by a referee. The circumstances under which the court itself may permit such additional or new specifications must disclose that some fraudulent conduct of the bankrupt prevented the earlier discovery of the grounds for the new or additional specifications. Indeed, under the language of the above opinion:

"If a creditor, who has failed to file any objection whatever on the return day, because he has been misled by the bankrupt's fraud into supposing that he has none, nevertheless discovers a good objection before the discharge is granted, he can apply to the court for leave to plead it. General Order 32 [11 U.S.C.A. following section 53] does not prevent that; the bankrupt's fraud is an excuse for his failure before discharge just as section 15 [11 U.S.C.A. § 33] expressly makes it so, thereafter. The objection itself may be anything; fraud, perjury, or mere inability to account for the losses; all that is necessary is that it shall be a good objection and that the bankrupt's fraud shall have prevented its interposition."

The Appellate Court indicates in its said opinion what appears to be the course open to this objecting creditor, if he can satisfy the court that the bankrupt's fraudulent conduct thwarted the discovery of these new grounds of objection at the time the original specifications of objection were filed. I quote the last sentence of the Per Curiam opinion, which immediately follows the last quotation:

"This is equally true as to a creditor who has pleaded some objections at the return day, but has been prevented from discovering others by the bankrupt's fraud; he too may plead them. It should be observed, however, that in all cases the fraud must thwart discovery of the objection, it has nothing to do with the objection itself."

2. I am of opinion that the referee properly ruled that specification IV was defective and insufficient in law. That specification is a repetition of the language of the statute, (section 14b (7) of the Bankruptcy Act, as amended). It gives no particulars. As it stands, it would allow the introduction of such a variety of evidence that the bankrupt would not be fairly apprised of the charges against him.

Almost the exact language of specification IV was used in one of the specifications (No. 1) before the court in Re Karp

(D.C.) 11 F.Supp. 129. There Judge Hincks said at page 131 of 11 F.Supp.:

"Applying these principles to the pending motion, it is at once obvious that specifications 1, 2, and 3 are wholly lacking in the requisite particularity. In re Scheffler (C.C.A.) 68 F.(2d) 902. To allow such specifications to be cured by amendment subsequent to the return day would tend to frustrate General Order 32, as amended."

In the Karp Case specification No. 1 was as follows: "1. He has failed to explain satisfactorily certain losses of assets or deficiency of assets to meet his liabilities."

The fact that the referee in the present case by an order dated December 23, 1936, overruled the exceptions then filed by the bankrupt to the sufficiency of specification IV (the said order not having been reviewed by the District Court) is no bar to the referee, if he sees fit, reversing himself and holding that specification IV is in fact defective and insufficient in law, when the question of its sufficiency is later challenged by the bankrupt by objections to the admission of evidence offered in support of that specification.

Therefore, the first question certified by the referee is answered in the affirmative and the second question in the negative.