**In re James McClellan LEACH, Bankrupt.**

**No. B-2054.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

June 6, 1960.

Sam Sexton, Jr., Fort Smith, Ark., for petitioner.

Charles A. Beasley, Fort Smith, Ark., for respondent.

JOHN E. MILLER, District Judge.

This is an action by an objecting creditor to review the discharge of the bankrupt granted by the Referee. The primary issue is whether the objecting creditor filed a sufficient specification of objection to the bankrupt's discharge during the time fixed by the Referee.

A voluntary petition was filed by the bankrupt on October 4, 1958, and the order of adjudication was made and entered on October 6, 1958. The first creditors' meeting was held on October 24, 1958, and on the same date a trustee was duly appointed and subsequently qualified.

On April 29, 1959, the objecting creditor, C. C. Gunn Distributing Company, by its attorneys filed in the office of the Clerk of the United States District Court for the Western District of Arkansas at Fort Smith an instrument styled "Petition to Recover Preference and to Prevent Discharge of Bankrupt." The original of the petition was then forwarded to the Referee at Little Rock. The petition is primarily directed towards the recovery of an alleged preference represented by a payment made by the bankrupt to the First National Bank of Fort Smith in the sum of $1,347.50. Numbered paragraph VI of the petition, unaccompanied by any further allegation, states: "VI. That the bankrupt has submitted a false financial report." The final sentence of the objecting creditor's prayer states: "Petitioner further prays that bankrupt not be discharged as a bankrupt because of the submission of false financial statement."

Counsel for the objecting creditor did not serve a copy of this petition upon the bankrupt or upon his attorney.

On May 1, 1959, an order was made by the Referee fixing the time for filing of objections to the discharge of the bankrupt. This order set the final date for filing such objections as June 1, 1959. No further objections were filed during this period, and on July 6, 1959, an order was made and entered discharging the bankrupt as provided by law.

In December 1959 an oral objection to the discharge was made by counsel for the objecting creditor, and on December 16, 1959, the Referee entered the following order revoking the order of discharge:

"At Little Rock, Arkansas, this 16th day of December, 1959.

"Comes Now for consideration the matter of revoking the order of discharge of the above named bankrupt issued by this court on July 6, 1959, and it appearing to the court that on April 29, 1959, objections

were filed to the discharge by C. C. Gunn Distributing Company, (by its attorney, John G. Holland), and that this court did, through inadvertence and through oversight, issue the discharge without first hearing the objections to said discharge; and the court being well and sufficiently advised and no adverse interests appearing, it is

"Ordered that the discharge of the bankrupt issued on July 6, 1959 be, and the same hereby is, revoked until such time as the court can have a hearing on said objections to the discharge."

Apparently this order was entered without giving notice to the bankrupt or his attorney. It was upon receipt of this order that the bankrupt first became aware of the filing of the objection by the objecting creditor.

On December 24, 1959, the bankrupt moved to dismiss the objecting creditor's petition and to reinstate the discharge of the bankrupt. In this motion the bankrupt states (1) that the petition does not state facts which constitute grounds for denial of discharge, (2) that he was not served with a copy of said petition or otherwise notified of the filing of the petition until December 1959, (3) that the petition was not filed within the time limited by the court for filing objections, and (4) denied all allegations of the petition.

On January 13, 1960, the Referee ordered that a hearing be held on February 15, 1960, on the specification of objection to discharge. This hearing was subsequently postponed until March 18, 1960.

On February 19, 1960, the objecting creditor filed amended specifications of objections to discharge alleging (1) the bankrupt has committed an offense under Sec. 152, Title 18 U.S.C.A., punishable by imprisonment, in that, in Schedule A–3, the bankrupt listed the McCann Photo Company as an unsecured creditor, and then, in Schedule B–3, McCann was listed under the heading "Choses in Action"; (2) that the bankrupt delivered a written financial statement on April 30, 1958, showing himself to be the owner of real property of a value of $21,495.48, and that, relying upon such statement, the objecting creditor extended credit to the bankrupt in the sum of $5,000, but that in reality the real property was held by the bankrupt only as a tenant by the entirety with his wife; and that (3) the bankrupt delivered to the objecting creditor on June 30, 1958, a written financial statement showing as an asset photographic equipment of the value of $6,497.82, whereas the said photographic equipment had been conveyed by bill of sale to another on March 29, 1958, but that relying upon said financial statement of June 30, 1958, the objecting creditor extended or renewed credit to the bankrupt in a sum greater than $10,000.

The file does not indicate that the objecting creditor filed a motion with the Referee for permission to amend his specification of objection, or that the Referee entered an order permitting the objecting creditor to do so. However, the first paragraph of the amended specifications states that leave of the court had first been obtained.

On February 25, 1960, the bankrupt filed a response to the amended specification of objections, again requesting the dismissal of the objections and denying the material allegations of the amended specification.

Without passing upon the bankrupt's motions to dismiss, the Referee conducted a hearing on the objecting creditor's specification of objections on March 18, 1960. Following the hearing, the objecting creditor and the bankrupt filed memorandum briefs in support of their respective contentions. The Referee did not make formal findings of fact or conclusions of law, but on April 18, 1960, again entered an order discharging the bankrupt.

On April 27, 1960, the objecting creditor filed a petition to review this order, and on May 14, 1960, the Referee certified the matter to this court. In his cer-

tificate the Referee stated that the original petition of the objecting creditor did not constitute a sufficient compliance with General Order 32, which requires an objecting creditor to file specifications of objection. The Referee further stated that this petition was not a proper basis for amended specifications of objection filed subsequent to the deadline time for filing objections. The Referee also stated that, based upon the evidence introduced at the hearing, he was of the opinion that the objecting creditor did not extend or renew any credit to the bankrupt on the basis of the written financial statements.

■ The first question to be determined by the court is whether the original specification of objection filed by the objecting creditor in his "Petition to Recover Preference and to Prevent Discharge of Bankrupt" was sufficient. General Order 32, 11 U.S.C.A., following section 53, provides:

"Any person opposing a discharge shall, on or before the time fixed for the filing of objections to the discharge, file a specification in writing of the grounds of his opposition."

It is apparent from a reading of the creditor's abbreviated specification that he was attempting to state an objection based upon 11 U.S.C.A. § 32, sub. c(3), which provides:

"(c) The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition * * *."

In Volume 1, Collier on Bankruptcy, Sec. 14.07(2), 14th ed., the general rules as to the form and contents of specifications of objections to discharge are discussed in the following manner:

"The specifications of objections to the discharge should be set forth according to Official Form No. 44.

They must be in writing, and should contain allegations sufficient to bring the opposition within one or more of the grounds enumerated in Sec. 14c and set forth above. Specifications must be clear and unequivocal. Averments of fact should be pleaded with great particularity; mere general averments are not sufficient. If they fail to allege a statutory ground for the denial of a discharge, they will be disregarded although not excepted to. It has been said that it is necessary for the objectors to show their freedom from laches. Averments should be more specific than the general language of the statute, except in the case of failure to keep books of accounts. If the specifications are vague or general, or merely aver acts which do not affect the right to a discharge, they will be dismissed. Alternative averments are now probably proper. When two or more grounds of objection are included within a 'Specification of Objections to a Discharge', they should be clearly separated."

One of the leading cases on the question of inadequate specifications of objections is In re Tumen, D.C.N.J.1944, 58 F.Supp. 210, affirmed 3 Cir., 146 F.2d 268. In the Tumen case the objecting creditors filed, along with others, the following objections:

" '1. Bankrupt has failed to file an accurate inventory of all of her property both real and personal, and has failed to include therein all statements concerning said property as is required by the provisions of the Bankrupt Act.

* * * * * *

" '3. Bankrupt has failed to explain satisfactorily any losses *or* assets or deficiency of assets to meet her liabilities.' "

In dismissing these two objections, the court said at page 211 of 58 F.Supp.:

"Specifications of objection to discharge are pleadings and must allege

certain positive and specific facts. These facts should be essential elements which constitute the bar to the discharge. In re Ruhlman, 2 Cir., 279 F. 250; In re McLaughlin, D.C., 4 F.Supp. 107; In re Wood, D. C., 283 F. 565; In re Servis, D.C., 140 F. 222. Specifications numbered 1 and 3 fail in these respects."

The original specification of objection in this case merely stated "That the bankrupt has submitted a false financial report." This allegation does not even go so far as to follow the words of the statute. It does not allege that the false financial report was in writing or that the objecting creditor acted upon it. The creditor did not allege any facts, and in effect did not even allege a complete conclusion. This lack of adequate pleading is compounded by the failure of the creditor to furnish a copy of the "Petition" to the bankrupt or his attorney. This procedure denied the bankrupt an opportunity to object to the petition or to have the basis of the specification of objection more fully disclosed. Specifications of objection are of critical importance to a bankrupt. They must be filed in accordance with the general orders and rules of the court, and due service of the filing of such specifications must be had upon the bankrupt as provided in Rule 5, F.R.Civ.P., 28 U.S.C.A.

The alleged specification of objection contained in the original petition filed by the creditor is not in compliance with the general orders and does not state a valid ground of objection to the bankrupt's discharge.

■ The second question which the court must answer is whether the original faulty petition provides an adequate base for an amended specification of objection to be filed subsequent to the time limitation fixed for the filing of such objections.

Amendments to specifications of objections are discussed in Volume 1, Collier on Bankruptcy, Sec. 14.07(3), 14th ed., in which it is stated:

"Amendments to correct errors committed by mistake or accident are usually allowed if asked at any time prior to the submission of the case. The application by the objecting party for leave to amend the specifications must be made with due diligence. Vague and indefinite specifications may be amended. The court may, within its discretion, permit or deny amendments after the specifications have been filed, but an unjustified decision may be reviewable as an abuse of discretion. Specifications to be amendable must at least state a ground of objection. If the only ground of objection averred is phrased in the words of the statute only, the position has been taken that there is nothing to amend. The form of the specifications may be improved at any time. Amendments in matters of substance after the time within which objections are required to be filed, are allowable only where there is already a record sufficient to justify it. Under certain circumstances the allegations of the objections may be amended to conform to the proof. Additional grounds of objection may not be added to specifications after the time fixed in the order for filing specifications has expired, unless the court first grants an extension of time, or unless the bankrupt has fraudulently concealed facts until that time, or unless the grounds would be sufficient for a revocation of the discharge. If amended specifications are still insufficient, a motion to dismiss them can be sustained without leave to amend."

The question of amending faulty specifications of objections was discussed at length in the 1935 case of In re Karp, D.C.Conn., 11 F.Supp. 129, 130. In that case the objecting creditors filed, among others, the following specifications of objections:

" '1. He has failed to explain satisfactorily certain losses of assets

or deficiency of assets to meet his liabilities.

" '2. He has subsequently to the first day of the twelve months immediately preceding the filing of the petition transferred, removed, destroyed or concealed or permitted to be removed, destroyed or concealed some of his property with intent to hinder, and delay or defraud his creditors.

" '3. Bankrupt committed offenses, punishable under Section 29 of the United States Bankruptcy Act [11 USCA § 52].' "

Judge Hincks held that the above specifications were wholly lacking in the requisite particularity, and that they could not be cured by amendment subsequent to the time specified for filing objections. In discussing the general problem of inadequate specifications and subsequent amendments thereto, the court said at page 131 of 11 F.Supp.:

"It does not follow, however, that General Order 32, as amended, wholly precludes the judge from allowing amendments to specifications of objection after the return day. To be sure, when timely specifications are filed, the bankrupt is entitled to a prompt hearing thereon. If, however, the bankrupt considers that the specifications filed are insufficient in law or in fact, he may demur or except thereto, and seek a dismissal of the specifications or, in the alternative, a better statement of the grounds relied upon. On such an application, the judge at the earliest opportunity will hear the matter, and, if the application has merit, apply the proper remedy. If the proper remedy is not a dismissal of the specifications, but an order requiring their more particular statement, it can scarcely be doubted, especially in view of the closing observations in the Lerner opinion [Lerner v. First Wisconsin Nat. Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796] that un-

der General Order 37 he has power to order the specifications to be amended, notwithstanding the fact that the time limited in General Order 32, as amended, for filing specifications, has expired. To be sure, in such a situation, the judge will be alert to prevent the frustration of the spirit of General Order 32. If he feels that the original specifications were so wholly lacking in particularity as to warrant the inference that they were filed merely as a stopgap to prevent the running of the time limited in General Order 32, instead of ordering an amendment of the specifications, he will order them dismissed. If, however, the judge finds that an amendment is in order, the time for filing the same will be strictly limited. In such case the inference is required that the objecting creditor, even on the return day, had all the necessary information to file perfect specifications. He will, accordingly, be allowed for filing his amendment only the day or two necessary to draft the same. Under these limitations an alert bankrupt is assured of all the rights to which he is entitled under the act and General Orders."

██ It is recognized by the court that the liberal amendment provisions of Rule 15, F.R.C.P., are now applicable in bankruptcy. See In re Black and White Cab Co., D.C.W.D.Mo.1940, 35 F.Supp. 832. Judge Reeves, in the Black and White Cab Co. case, relied on the prior case of In re Taub, 2 Cir., 1938, 98 F.2d 81, 82. In the Taub case the objecting creditor filed a specification of objection which alleged that the bankrupt had made a false oath in not listing certain specified insurance policies in his original schedules. The bankrupt excepted to this specification, contending it failed to charge that the false oath was "knowingly and fraudulently" made. The creditor was allowed to insert these words by amendment, and the amended specification was sustained and the discharge de-

nied. Speaking for the court, Judge Swan said at page 82 of 98 F.2d:

"The first question is the propriety of allowing the amendment after the time for filing specifications of objection had passed. Since the specification without the amendment presented no valid objection to the discharge, the appellant argues that the amendment adds a new objection and in effect extends the time for filing specifications beyond the return day, in violation of General Order 32, as amended in 1933, 11 U.S.C.A. following section 53; Lerner v. First Wisconsin Nat. Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796. This contention is unsound. The amendment did not present a new ground of objection; it merely cured a defective statement of the old objection and conformed it to the statutory requirements. It caused neither delay nor surprise to the bankrupt. The district judge was clearly correct in allowing it. Northeastern Real Estate Securities Corp. v. Goldstein, 2 Cir., 91 F.2d 942; In re Weston, 2 Cir., 206 F. 281; In re Knaszak, D.C., 151 F. 503."

It is apparent from an examination of the circumstances that the present case differs to a large extent from the facts in the Taub case. There the specification of objection was complete except for the allegation that the oath was "knowingly and fraudulently made." The bankrupt was adequately apprised of the basis for the objection. There also the court specifically found that the amendment did not surprise or delay the bankrupt.

In the instant case the original specification of objection was not only completely lacking in particularity, but its very existence was not made known to the bankrupt until eight months after it was filed and five months after the bankrupt was originally discharged. Following the discovery of the original objec-tion, the bankrupt immediately moved to have it dismissed, but the Referee deferred action on the motion. It was not until two months after the original discharge was set aside and one month after the Referee had set a date for a hearing on the original objection that the creditor filed amended specifications of objections.

In view of these facts it cannot be said that the filing of the amended specifications of objections would not delay or surprise the bankrupt. Likewise, justice does not require the filing of the amended specifications of objections. Any facts concerning the alleged false financial statements by the bankrupt were as readily available to the objecting creditor when the original petition was filed as they were ten months later when the amended specifications were filed. The objecting creditor certainly did not act with due diligence.

To allow a creditor to file an objection to discharge alleging only that the bankrupt had made a false financial report; then not require him to serve a copy of the objection on the bankrupt; and then permit the creditor to come back into court five months after the discharge and have the discharge set aside over the bankrupt's objection; and then to allow the creditor two more months in which to file amended specifications of objections would completely frustrate the spirit of General Order 32.

Therefore, the order of the Referee dismissing the objecting creditor's specifications of objections and granting the bankrupt a discharge is affirmed. In view of this holding, it is not necessary to consider the Referee's additional finding that the bankrupt did not obtain money or property on credit, or obtain an extension or renewal of credit by the making of the allegedly false financial reports.

An order in accordance with the above is being entered today.