**In the Matter of Leon Roscoe GORMAN, Jr., Debtor.**

**Ruby R. Riddle GORDON, Plaintiff,**

v.

**Leon Roscoe GORMAN, Jr., Defendant.**

**Bankruptcy No. 81–01719.**
**Adv. No. 81–0348.**

United States Bankruptcy Court,
N. D. Alabama, S. D.

Oct. 22, 1981.

J. N. Holt, Birmingham, Ala., for debtor/defendant, Leon Roscoe Gorman, Jr.

Grover S. McLeod, Birmingham, Ala., for plaintiff, Ruby R. Riddle Gordon.

J. Fred Wood, Jr., Birmingham, Ala., for defendant in State Court action.

William A. Beckwith, Jr., Birmingham, Ala., for American Title Ins. Co., Interested 3rd party in State Court action.

John D. Johns and David B. Anderson, Birmingham, Ala., for National Bank of Commerce, Interested 3rd party in State Court action.

Stephen R. Arnold, Birmingham, Ala., for Teddye S. Gorman in State Court action.

Jack Rivers, Birmingham, Ala., U. S. trustee.

Cassandra Golden, Birmingham, Ala., trustee.

**ORDER DENYING OBJECTION TO DISCHARGE**

STEPHEN B. COLEMAN, Bankruptcy Judge.

This matter coming on to be heard on the Objection to Discharge filed by Ruby R.

Riddle Gordon, a creditor, on three grounds set out in her written objections.

Grounds (1) and (3) relate to the failure to keep or preserve books or records as provided in Section 727(a)(3) of the Bankruptcy Code. The evidence shows that the litigation between creditor and debtor has been going on for some nine years, during which time many examinations of the debtor's financial condition were had, and many records produced. The Court finds that the debtor has furnished records and evidence of proof of his financial condition, and the creditor has *not* carried the burden of proof on these issues.

The second ground of objection to discharge is based on the allegation that "The debtor has knowingly and fraudulently in or in connection with the case made false statements."

Upon reference to Section 727(a)(4)(A) of the Bankruptcy Code it appears that making a *false statement* does not constitute sufficient grounds to deny a discharge, although making a *false oath* would. The debtor's attorney chose to go to trial without raising this question, but the cases hold that a discharge cannot be denied except on the precise grounds set out in the statute. *In re Ruhlman*, 279 F. 250 (2nd Cir.); *In re Wood*, 283 F. 565 (2nd Cir.). The case of *In re Leach*, 197 F.Supp. 32 (D.C.Ark.) held that an allegation that does not even go so far as to follow the words of the statute does not state a valid ground of objection to discharge. Therefore, even if proof was offered that the Debtor made a false statement, this fact alone would not be sufficient to deny his discharge. 1A *Collier on Bankruptcy* 1291 (14th Edition), concludes that "If they [averments] fail to allege a statutory ground for the denial of a discharge, they will be disregarded although not excepted to."

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the debt of Leon Roscoe Gorman, Jr. to Ruby R. Riddle Gordon is discharged, and Ruby R. Riddle Gordon's Objection to Discharge is hereby denied. Dated this the 22nd day of October, 1981.