In re Stephen A. KUNEC, t/a Stephen Anthony's Furniture Industries and Custom Cushions; and Linda A. Kunec, Debtors.

Robert J. SCOVELL, Plaintiff,

v.

Stephen A. KUNEC, t/a Stephen Anthony's Furniture Industries and Custom Cushions; and Linda A. Kunec, Defendants.

Bankruptcy No. 5–81–00070.
Adv. No. 5–81–0207.

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 11, 1982.

Robert Scovell, Wilkes-Barre, Pa., pro se.

Albert H. Aston, Jr., Wilkes-Barre, Pa., for debtor.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

█ Robert J. Scovell, a creditor of the above captioned debtor, has filed an objection to the debtor's discharge. Scovell's complaint lists numerous bases upon which a discharge in bankruptcy can be denied, yet he has briefed only two of these bases, 11 U.S.C. §§ 727(a)(4) and (5). As a result, he is deemed to waive all objections which he failed to brief.

## FINDINGS OF FACT

The debtor, Stephen A. Kunec, was the owner of two businesses which operated under his sole proprietorship, Custom Cushions and Stephen Anthony's Furniture Industries. Both businesses were housed in the same building at opposite ends of the same floor. Custom Cushions manufactured inserts for cushions and pillows. It did not manufacture entire pieces of furniture, but only furniture components. Stephen Anthony's Furniture Industries manufactured wood and cushioned furniture. A substantial part of Custom Cushion's business was devoted to supplying cushions and pillows to Stephen Anthony's Furniture Industries.

In November of 1980, the debtor was in need of cash. At the behest of Robert J. Scovell, the plaintiff in this action, Thomas Bogacki spoke to the debtor about the debtor's financial plight. The debtor told Bogacki that he needed money "for the furniture business." Largely upon the recommendation of Scovell, Bogacki lent $15,000.00 to the debtor. A check for $5,000.00 was drawn by Bogacki on November 5, 1980, and a second check for $10,000.00 was drawn on November 7, 1980. At the time Bogacki lent these funds to the debtor, Bogacki did not know that the debtor operated two separate businesses. Prior to negotiating the $5,000.00 check, the debtor stamped it "For Deposit Only, Custom Cushions, Stephen A. Kunec." The debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 4, 1981.

## DISCUSSION

█ Scovell's objection to the discharge of the debtor is based upon 11 U.S.C. §§ 727(a)(4) and (5). In pertinent part § 727(a) states as follows:

§ 727. *Discharge.*

(a) The court shall grant the debtor a discharge, unless—

    (1) * * *

    (2) * * *

    (3) * * *

    (4) the debtor knowingly and fraudulently, in or in connection with the case—

        (A) made a false oath or account;

        (B) presented or used a false claim;

        (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money,

property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(6) * * *

A party objecting to discharge bears the burden of proving the facts essential to his objection. Bankruptcy Rule 407. In addition, objections to discharge must be construed strictly against the objector and liberally in favor of the debtor. *In Re Decker,* 595 F.2d 185 (3rd Cir.1979).

Scovell bases his objections to discharge upon a statement made by the debtor to Thomas Bogacki, another creditor of the debtor. Scovell avers that the debtor stated to Bogacki that funds lent by Bogacki to the debtor "would be used in the Stephen Anthony's Furniture Industries business and not for the personal benefit of the Defendants [the debtors] nor for a different business." Scovell contends that the $5,000.00 check given to the debtor by Bogacki was not used "for the furniture business" but was used by Custom Cushions. He supports this allegation with the fact that the back of the check was stamped by the debtor with the statement, "For Deposit Only, Custom Cushions, Stephen A. Kunec." Scovell alleges that the debtor has not denied that he used the funds for his own personal use or for the use of the debtor's other business, Custom Cushions. At the hearing on this matter the debtor called no witnesses and rested after Scovell presented his case in chief.

In essence, Scovell's sole basis for objection is a purportedly false statement made by the debtor upon which Bogacki relied in granting him a loan. In support of his objection Scovell discusses §§ 727(a)(4) and (5). Neither section will support an objection to discharge under the facts of this case. Section 727(a)(4)(A) requires a showing that the debtor made a false oath or account. Statements which are not under oath or formally verified are not sufficient. *Gordon v. Gorman* (In Re Gorman), 14 B.R. 776 (Bkrtcy.N.D.Ala.1981). The statements made by the debtor to Bogacki were not verified or under oath and thus do not meet the requirements of § 727 (a)(4)(A). In addition, relief cannot be afforded under § 727(a)(4)(B) since Scovell failed to make the essential averment that the debtor presented a false proof of claim in this bankruptcy. Scovell's objection under § 727(a)(4)(C), the bribery and extortion objection, must likewise be overruled since he failed to establish a prima facie case. The allegations of Scovell's complaint failed to comport with the elements of § 727(a)(4)(C), to wit: "(a) knowledge and a fraudulent intent on the part of the debtor, and (b) receipt of or an attempt to obtain, or the giving and offering of, money, property, or advantage, or a promise thereof, for a purpose, namely, action or forbearance in the case in which the offender is a debtor." 4 Collier on Bankruptcy ¶ 727.06, at 727–62 (15th ed. 1982). The absence of an allegation that the debtor withheld documentation relating to his property or financial affairs renders Scovell's objection under § 727(a)(4)(D) deficient. The plaintiff's objection under § 727(a)(5) must also be overruled due to defects in his complaint. Under this section an objection cannot be sustained unless the plaintiff's complaint apprises the debtor of the loss of assets or deficiency of assets which he will be required to explain at trial. 4 Collier on Bankruptcy ¶ 727.08, at 727–66 (15th ed. 1982); *In Re Tumen,* 58 F.Supp. 210 (D.N.J.1944); *see also In Re Leach,* 197 F.Supp. 32, 33 (W.D.Ark.1960). In his complaint Scovell has merely reiterated the language of the statute and failed to specify what loss of assets or deficiency of assets the debtor would be required to explain. As a result, the plaintiff's objection to discharge under § 727(a)(5) must be overruled.

## CONCLUSIONS OF LAW

Each of the objections to the discharge of the debtors filed by Robert J. Scovell will be overruled.