In re James Barry SCHERMER a/k/a Barry Schermer, Debtor.

CITIZENS FIDELITY BANK AND TRUST COMPANY, Plaintiff,

v.

James Barry SCHERMER a/k/a Barry Schermer, Defendant.

Bankruptcy No. 38400049.
Adv. No. 3840031.

United States Bankruptcy Court,
W.D. Kentucky.

April 24, 1986.

Charles R. Simpson, III, Louisville, Ky., for Trustee.

David T. Stosberg, Louisville, Ky., for plaintiff.

Lisa Koch Bryant, Louisville, Ky., for defendant.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

A complaint under Section 727 of the Bankruptcy Code, the most serious non-criminal action a creditor can bring against a debtor in bankruptcy, is before the court. Here we examine the final months of a debtor's failing business, not only to determine whether the debtor is entitled to a discharge, but also to decide whether the trustee is entitled to claim certain assets as property of the debtor's bankruptcy estate.

The debtor, Barry Schermer, and the plaintiff in this proceeding, Citizens Fidelity Bank & Trust Company (Citizens) had a longstanding business relationship through the debtor's corporation, X.R.X. Supply Company, Inc., an office supply firm. In December, 1982, Schermer entered into a "loan and operating agreement" with Citizens to cure earlier loan defaults by refinancing with strict controls.

From that time until January, 1984, when Schermer and X.R.X. were adjudicated bankrupt, Schermer made personal withdrawals from the X.R.X. account; received cash advances on his credit card, and obtained a loan from Liberty National Bank through the use of an obviously false financial statement. The amounts thus received totaled $9,825. Neither the X.R.X. corporate records nor Schermer's personal papers indicate any business purpose in the use of those funds. During the 60 days immediately preceding Schermer's bankruptcy, the X.R.X. inventory and receivables were reduced from $36,750 to $20,300. Again the debtor's records fail to disclose a reason for this loss of assets or a business application of their proceeds.

In Schermer's personal bankruptcy petition, he listed himself as the owner of Copier and Computer Supplies, Inc. However, on advice of counsel, he failed to list his C & CS stock as an asset. At trial, we ruled that Schermer's interest in C & CS was property of the Chapter 7 estate and that Schermer would be required to surrender the value of that interest to the trustee. We will return to this point in closing.

\* \* \* \* \* \*

Citizens has presented a number of grounds under both Sections 523 and 727 of the Bankruptcy Code for denying the debtor a discharge on some or all of his debts. After reviewing the evidence, we find it necessary only to consider Citizens' 727(a)(5) complaint against Schermer.

■ Section 727(a)(5) provides that a debtor will receive a discharge unless he "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." The Code places a heavy burden of proof on the party objecting to a debtor's discharge.[1] However, once a party meets this initial burden by producing evidence establishing an objection to discharge under Section 727(a)(5), then the burden shifts to the debtor to satisfactorily explain the loss or deficiency.[2]

■ In the present case Citizens has met its burden by showing an unusual and unexplained disappearance of approximately $26,000 in cash, inventory and receivables between December of 1983 and January 11, 1984, the date of the petition.[3] The debtor failed completely to rebut the prima facie case. Schermer's only explanation for the disposition of the missing $26,000 was that all the assets were used in the operation of X.R.X., Inc. and that business was extremely slow during the December holiday period. Vague and indefinite explanations of losses such as this, based upon estimates and guesses uncorroborated by documentation, are not satisfactory.[4] "More is required of the debtor in the way of explanation than mere generalities."[5] We therefore must deny the debtor a discharge under the provisions of Section 727(a)(5) of the Bankruptcy Code.

Concerning the debtor's failure to list the C & CS stock on his petition, a brief procedural note is necessary. Citizens, in support of its case that Schermer had failed to account for assets, joined the trustee to set up any claim he might have against Schermer. It was in that way that proof

---

1. *See* Bankruptcy Rule of Procedure 4005 (1985). *See also In re Brame,* 23 B.R. 196, 200 (Bkrtcy.W.D.Ky.1982) ("The measure of proof required to establish [a 727 case] ... is a most exacting one").

2. *In re Chalik,* 748 F.2d 616 (11th Cir.1984); *In re Reed,* 700 F.2d 986 (5th Cir.1983). *See also* 4 *Collier on Bankruptcy* ¶ 727.08 (15th ed. 1984).

3. Mere allegations by a creditor that a debtor has not satisfactorily explained ordinary or typical losses do not make out a prima facie case under 727(a)(5). *Matter of Goldstein,* 20 F.Supp. 403 (D.N.Y.1937); *Matter of Karp,* 11 F.Supp. 129 (D.Conn.1935). 11 U.S.C. § 727(a)(5) is substantially the same as Section 14(c)(7) of the old Bankruptcy Act, making cases decided under the old act relevant. *In re Martin,* 698 F.2d 883, 886 (7th Cir.1983).

4. *In re Chalik,* 748 F.2d at 619; *In re Reed,* 700 F.2d at 992–93; *Baum v. Earl Millikin, Inc.,* 359 F.2d 811, 814 (7th Cir.1966). *See also In re Martin,* 698 F.2d at 886.

5. 4 *Collier on Bankruptcy* ¶ 727.08 (1984) *See also Baum v. Earl Millikin, Inc.,* 359 F.2d at 814.

was developed tending to show that the debtor had improperly failed to disclose his ownership interest in the newly-formed corporation, and had received approximately $12,000 in excessive compensation from that corporate entity.

The trustee argues that he is entitled to the value of the assets of C & CS as of the petition date, plus the $12,000 in alleged overcompensation. At trial we ruled that the debtor's interest in C & CS was in fact property of the estate, and at the conclusion of the proof we informally urged the parties to arrive at the value of the C & CS property through negotiation and compromise. Since little evidence was presented at the nondischargeability trial on the value of Schermer's services to C & CS, and since it appears that a hearing will be necessary to determine the value of the C & CS stock, we will reserve ruling on the trustee's claims against Schermer. A separate hearing will be scheduled for that purpose.

A final order reflecting the above findings of fact and conclusions of law will be entered with this opinion.